IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY f/k/a General Accident Insurance Company of America and ONEBEACON AMERICA INSURANCE COMPANY f/k/a Commercial Union Insurance Company,<br><br>**ORIGINAL** Plaintiffs,<br><br>v.<br><br>CAREMARKPCS f/k/a AdvancePCS, and CAREMARK RX, INC.,<br><br>Defendants. | Civil No. 3:05-CV-0844G |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT,
OR ALTERNATIVELY FOR A STAY, AND SUPPORTING BRIEF**

JACKSON WALKER L.L.P.

901 Main Street
Suite 6000
Dallas, Texas 75202
(214) 953-5783
(214) 661-6670 – Fax
James M. McCown
State Bar No. 01479500
Patricia H. Davis
State Bar No. 24036449

Robert H. Griffith (06237224)
Kevin P. Shea (06243871)
Michael J. Hayes, Jr. (06237276)
Michael P. McBride (06283481)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60606

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................................ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT...................................................................................................................................5

I.    THIS COURT SHOULD EXERCISE ITS DISCRETION
UNDER THE DECLARATORY JUDGMENT ACT TO
DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY,
TO STAY THE CURRENT ACTION ................................................................................5

    A.  Abstention Standards Under the Declaratory Judgment Act...................................5

    B.  This Court Should Abstain From Deciding Plaintiffs' Declaratory
Judgment Claims ......................................................................................................6

        1.  All Disputed Matters May Be Fully Litigated In The Pending
State Action..................................................................................................7

        2.  Judicial Economy Will Not Be Served By Entertaining
Plaintiffs' Declaratory Judgment Claims...................................................10

        3.  Plaintiffs' Filing Of A Declaratory Judgment Action Was
An Improper Attempt At Bypassing AdvancePCS's Chosen Forum .................12

## TABLE OF AUTHORITIES

### *CASES*

*Aetna U.S. Healthcare of North Texas Inc. v. Durboraw*, No. CIVA 3:00CV2740D,
2001 WL 540078 (N.D. Tex. May 17, 2001) ..............................................................7,8

*Am. Employers' Ins. Co. v. Eagle Inc.*, No. 03-31129, 2004 WL 2790622
(5th Cir. Dec. 6, 2004) ...................................................................................................7,9

*Brietling USA, Inc. v. Porter*, No. Civ. A 301CV2331P, 2002 WL 1286148
(N.D. Tex. June 6, 2002)...............................................................................................9,11,12

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173 (1942) ..................5,11

*First Health Strategies (TPA), Inc. v. Sec. Life of Denver Ins. Co.*, 998 F. Supp. 712
(N.D. Tex. 1997)..............................................................................................................6

*Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992) ...................................7

*Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571
(5th Cir. 1992)..................................................................................................................7,8

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000) ......................................6

*Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S. Ct. 236 (1952).............6

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).........................................................7

*Travelers Indem. Co. of Illinois v. Waffle House*, Inc., No. 3:97-CV-1239-H, 1997 WL 560773
(N.D. Tex. Aug. 29, 1997)...............................................................................................12,13

*United Healthcare Insurance Company and AARP v. AdvancePCS*, Case No. 01-2320 JRM .........3

*United Nat'l Ins. Co. v. Bradleys' Elec. Inc.*, Civ.A.No. H-94-0349, 1995 U.S. Dist. LEXIS
19685 (S.D. Tex. March 21, 1995) ................................................................................11

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995), *aff'g* 41 F.3d 934
(5th Cir. 1994) .................................................................................................................passim

### *STATUTES*

Federal Rule of Civil Procedure 12(b)..................................................................................1

Federal Rule of Civil Procedure 28 U.S.C. § 2201.............................................................1,5

Federal Rule of Civil Procedure 28 U.S.C. § 2201(a) .................................................................1,2,5

Case 3:05-cv-00844-G   Document 7   Filed 05/18/05   Page 4 of 19   PageID 241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY f/k/a General Accident Insurance Company of America and ONEBEACON AMERICA INSURANCE COMPANY f/k/a Commercial Union Insurance Company,<br><br>Plaintiffs,<br><br>v.<br><br>CAREMARKPCS f/k/a AdvancePCS, and CAREMARK RX, INC.,<br><br>Defendants. | No. 3-OVCV-0844G |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT, OR ALTERNATIVELY FOR A STAY, AND SUPPORTING BRIEF

Defendants CaremarkPCS, f/k/a AdvancePCS, and Caremark Rx, Inc. (collectively referred to as "AdvancePCS" and/or "Defendant"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 2201(a), hereby submit their Motion to Dismiss Plaintiff's Original Complaint for Declaratory Judgment, or Alternatively for a Stay, and Supporting Brief.

### INTRODUCTION

This Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to dismiss or stay this proceeding because a state court action with nearly identical issues and parties is currently pending in the Circuit Court of Cook County, Illinois. Specifically, on April 28, 2005, AdvancePCS filed an action in the Chancery Division of the Circuit Court of Cook County, Illinois, Case No. 05 CH 07513, against Pennsylvania General

696018-1

Insurance Company, f/k/a General Accident Insurance Company of America ("Pennsylvania General"), Commercial Union Insurance Company, now known as OneBeacon America Insurance Company ("Commercial Union"), Continental Casualty Company ("Continental"), and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively, the "Insurers"). AdvancePCS's Complaint asserts claim for breach of contract, declaratory judgment, estoppel, and insurer bad faith in connection with the Insurers' refusal to defend and indemnify their insured, AdvancePCS, in an underlying lawsuit filed against it in the United States District Court for the District of Minnesota. A copy of AdvancePCS's state court Complaint is attached hereto as Exhibit A.

On the same day that AdvancePCS filed its Complaint, two of the four Insurers named as defendants in the Illinois action, Pennsylvania General and Commercial Union (collectively, "Plaintiffs"), filed the current action seeking a declaratory judgment against AdvancePCS based on the same issues raised in the Illinois action. Specifically, Plaintiffs seek a declaration that they have no duty to indemnify AdvancePCS with regard to its settlement of the underlying Minnesota lawsuit, nor a duty to reimburse certain sums paid to defend that suit. In seeking a declaratory judgment regarding their liability to AdvancePCS, Plaintiffs' Complaint (cited herein as "Compl.") presents factual and legal issues identical to those addressed in AdvancePCS's pending state court suit. Therefore, pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 2201(a), AdvancePCS now moves this Court to dismiss Plaintiffs' Original Complaint for Declaratory Judgment, or alternatively, to stay this action.

## BACKGROUND

In 2000 and 2001, AdvancePCS purchased certain commercial general liability ("CGL") insurance policies from the Insurers that provide coverage for various claims asserted against

AdvancePCS, including claims for "advertising injury" arising out of AdvancePCS's business operations, and that provide indemnity in the event of a settlement or judgment against AdvancePCS. (Ex. A. ¶ 9). Specifically, on or about October 1, 2000, AdvancePCS purchased three policies, all with effective periods of October 1, 2000 to October 1, 2001: (1) a $1 million/$2 million commercial general liability policy issued by Pennsylvania General (Compl. ¶¶ 23-24; Ex. A ¶¶ 9, 12, 15); (2) a $10 million commercial umbrella policy issued by Commercial Union (Compl. ¶¶ 25-26; Ex. A ¶¶ 9, 12, 15); and (3) a $10 million commercial umbrella policy issued by National Union (Ex. A ¶¶ 9, 12, 15). One year later, on or about October 1, 2001, AdvancePCS purchased two policies with effective periods of October 1, 2001 to October 1, 2002: (1) a $1 million/$2 commercial general liability policy issued by Continental (Ex. A, ¶¶ 6, 18); and (2) a $20 million commercial umbrella policy from National Union (Ex. A, ¶¶ 6, 18).

On December 17, 2001, United Healthcare Insurance ("United") and the American Association of Retired Persons ("AARP") filed a lawsuit against AdvancePCS, entitled *United Healthcare Insurance Company and AARP v. AdvancePCS*, Case No. 01-2320 JRM, in the United States District Court for the District of Minnesota (the "AARP action" or "AARP suit"). (Compl. ¶¶ 1, 19; Ex. A, ¶ 19). United and AARP alleged that, among other things, AdvancePCS misappropriated its style of doing business, its trade dress, and its advertising ideas in connection with a drug discount card program, which led to consumer and pharmacist confusion. United and AARP further alleged that solicitations and advertisements issued by AdvancePCS to pharmacists were part of the confusion and misappropriation. Based upon these allegations, the AARP action set forth various claims, including tortious interference, unjust enrichment, and violations of the Minnesota consumer protection statutes, and sought injunctive

relief, compensatory damages in excess of $50 million, interest, and other relief.

Shortly after the AARP suit was filed, AdvancePCS provided each of the Insurers with timely notice of the AARP action and requested that they assume their defense and indemnity obligations with respect to their respective policies (Ex. A, ¶ 22). The Insurers neither denied AdvancePCS's claim nor even issued a reservation of rights. *Id.*

On July 22, 2004, AdvancePCS advised the Insurers that the parties to the underlying lawsuit were engaged in serious settlement discussions and were working on finalizing a settlement agreement to resolve the matter. *Id.* at ¶ 23. Not one of the Insurers raised any objection to these discussions or otherwise protested. *Id.* On August 4, 2004, AdvancePCS wrote the Insurers to again advise them that the parties were close to agreeing upon the terms of a final written settlement agreement, and to request that the carriers ready their policy proceeds to fund the settlement and reimburse AdvancePCS' defense costs. *Id.* at 24. Once again, not one of the Insurers raised any objection. *Id.*

On September 13, 2004, AdvancePCS advised the Insurers that the parties had finally reached agreement on all terms of a settlement of the Underlying Lawsuit, and AdvancePCS forwarded a copy of the Settlement Agreement to each of the Insurers. *Id.* at ¶ 25. Accordingly, AdvancePCS requested that each of the Insurers tender the amounts due under their respective policies to fund the settlement and to reimburse AdvancePCS its defense costs. Despite their having never once denied or even questioned AdvancePCS's claim for coverage of the AARP lawsuit (tendered years before), each of the Insurers failed to fund the settlement or reimburse AdvancePCS its cost of defense. Accordingly, AdvancePCS was forced to fund the $8 million settlement on its own. *Id.* at ¶ 26.

Because of the Insurers' complete abandonment of their insured, AdvancePCS, in the

defense of the AARP suit and their *de facto* repudiation of their rights and obligations under the insurance policies they issued, AdvancePCS brought suit against the Insurers in the Chancery Division of the Circuit Court of Cook County, Illinois, on April 28, 2005. Knowing that AdvancePCS was filing suit that day in Cook County, Plaintiffs rushed to this Court and filed the instant action, seeking the same relief as that sought in the Illinois action – a declaration of Plaintiffs' liability to AdvancePCS under the policies they issued. As discussed more fully below, this is not a proper case for declaratory relief and it should therefore be dismissed, or at a minimum stayed, by this Court.

## ARGUMENT

### I. THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, TO STAY THE CURRENT ACTION

#### A. Abstention Standards Under the Declaratory Judgment Act

In their Complaint, Plaintiffs seek a declaration of their rights and duties pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* That Act provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). Consistent with the wording of the statute, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995), *aff'g* 41 F.3d 934 (5th Cir. 1994); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942). In fact, the Supreme Court has repeatedly characterized it as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287, 115 S. Ct. at

2143 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S. Ct. 236, 239 (1952)); *see also First Health Strategies (TPA), Inc. v. Sec. Life of Denver Ins. Co.*, 998 F. Supp. 712, 716 (N.D. Tex. 1997). The Declaratory Judgment Act, therefore, provides an important exception to the normal principle that federal courts *should* adjudicate claims within their jurisdiction; rather, "considerations of practicality and wise judicial administration" come into play. *Wilton*, 515 U.S. at 288, 115 S. Ct. 2143. Moreover, a showing of "exceptional circumstances" is not required to support a District Court's decision to abstain from deciding a declaratory relief action. *See id.* at 286-89, 115 S. Ct. 2142-44.

### B.   This Court Should Abstain From Deciding Plaintiffs' Declaratory Judgment Claims

When considering whether to decide or dismiss a declaratory judgment action, a District Court must engage in a three-step test. The Court must determine:

(1) whether the declaratory action is justiciable;
(2) whether the Court has the authority to grant declaratory relief; and
(3) whether to exercise its discretion to decide or dismiss the action.

*See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (declaratory judgment action brought by creditor was not ripe for adjudication, and therefore action was not justiciable). In the current case, this Court should opt not to exercise its discretion to decide the Plaintiffs' claims.

The Fifth Circuit has identified seven non-exclusive factors for a District Court to consider when deciding whether to decide or dismiss a declaratory action. These factors are:

(1)   whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2)   whether the plaintiff filed suit in anticipation of a lawsuit;
(3)   whether the plaintiff engaged in forum shopping in bringing the suit;
(4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5)   whether the federal court is a convenient forum for the parties and the

|     | witnesses; |
| --- | --- |
| (6) | whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and |
| (7) | whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. |

See *Aetna U.S. Healthcare of North Texas Inc. v. Durboraw*, No. CIVA 3:00CV2740D, 2001 WL 540078, at * 1 (N.D. Tex. May 17, 2001) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994)); and *Am. Employers' Ins. Co. v. Eagle Inc.*, No. 03-31129, 2004 WL 2790622, at *2 (5th Cir. Dec. 6, 2004). An analysis of these factors in the case at bar leads to the inescapable conclusion that Plaintiffs' complaint should be dismissed, or at a minimum stayed, in deference to AdvancePCS's pending state court litigation.

### 1. All Disputed Matters May Be Fully Litigated In The Pending State Action

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, is paramount and weighs heavily in favor of dismissing Plaintiffs' complaint. "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort." *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992). Further, "[t]he District Court should consider <u>denying</u> declaratory relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties can satisfactorily be adjudicated in the state court proceeding." *Id.* (emphasis added).

Here, AdvancePCS's state court suit plainly provides "a forum for the resolution of *all* disputes arising from [AdvancePCS's] claim[s] under the insurance policy," including each of Plaintiffs' claims in the declaratory judgment action. *See Granite State Ins. Co. v. Tandy Corp.*,

986 F.2d 94, 96 (5th Cir. 1992) (emphasis in original). Similarly, it cannot be disputed that the maintenance of this federal action would only result in the duplication of the efforts of both the Illinois court and of the parties. In fact, there are no unique issues presented by the federal declaratory judgment action when compared to the Illinois suit. Each of the four issues for which Plaintiffs request declaratory judgment – that AdvancePCS's alleged conduct falls outside the policies' coverage, that Plaintiffs are not liable for certain litigation expenses incurred before they were notified, that Plaintiffs are not liable for AdvancePCS's supposed unauthorized settlement, and that disgorgement of AdvancePCS's purported "ill-gotten" profits do not constitute damages – will necessarily be addressed and resolved in Illinois when determining whether the Insurers breached their contracts with AdvancePCS and in determining AdvancePCS's own claim for declaratory judgment. *See, e.g., Magnolia*, 964 F.2d at 1581 (district court abused its discretion in not dismissing or staying declaratory judgment suit, in part because issues in federal suit could be resolved in state court). Thus, exercising federal jurisdiction over Plaintiffs' Complaint would only serve to unnecessarily duplicate the efforts of the Illinois court.

Because the pending state court action encompasses all of the disputed coverage issues raised by Plaintiffs, the current action should be dismissed or stayed. *See, e.g., Aetna*, 2001 WL 540078, at *2 (staying federal declaratory judgment action with "virtually identical issues" and "substantially related parties" as state suit, and where all matters in controversy could be fully litigated in state court). Indeed, not only does the pending Illinois action encompass all of the disputed coverage issues raised by Plaintiffs, but the pending Illinois action is broader, more comprehensive, and better able to effectuate complete relief between the interested parties to the coverage dispute at hand. This further militates in favor of dismissing the instant action. *See*

*Brietling USA, Inc. v. Porter*, No. Civ. A 301CV2331P, 2002 WL 1286148, * 7 (N.D. Tex. June 6, 2002) (federal declaratory judgment claims stayed in favor of broader, more comprehensive state court suit).

Finally, the absence of any federal law claims in Plaintiffs' complaint further supports dismissal of the federal action. Where a federal declaratory judgment action raises only issues of state law and a pending state case involves the same issues, the state court should generally decide the case and the federal court should dismiss the federal suit. *See Eagle Inc.*, 2004 WL 2790622, at *2 (affirming district court's order staying federal declaratory judgment action); *see also Wilton*, 515 U.S. at 283, 115 S. Ct. at 2141 (stating that where a pending suit involves the same parties and deals with the same state law claims, "a district court might be indulging in 'gratuitous interference' ... if it permitted the federal declaratory action to proceed" (citation omitted)). In the action at bar, Plaintiffs have not asserted one federal claim (their sole basis for jurisdiction is diversity of the parties). Additionally, as stated above, each of the state law claims presented in Plaintiffs' complaint will be addressed in AdvancePCS's state action.

*Wilton* involved a similar insurance coverage dispute, wherein a large verdict had been previously rendered against certain insured parties in an underlying action. Subsequently, the insureds notified their insurers – who had refused to defend or indemnify the insureds in the underlying action – of their intention to bring suit on the insurance policies in state court.[1] Immediately following the notification, the insurers filed a declaratory judgment action in federal court, seeking a declaration of their rights and liabilities under several policies of commercial

---

[1] Two months prior to being notified by the insureds, the insurers – in anticipation of litigation based on the sizable verdict – brought their first declaratory judgment action in federal court. Counsel for the parties, however, entered into an agreement whereby the declaratory judgment action would be voluntarily dismissed in exchange for the insured parties promising to give the insurers two weeks notice before filing suit against the insurers. The insurers filed their second declaratory judgment action in federal court immediately after receiving notice of the insured parties' intent to sue. *See Wilton*, 515 U.S. at 279-80, 115 S. Ct. at 2139.

general liability insurance. The next month, the insureds filed an action against the insurers in state court and also moved to dismiss or stay the federal declaratory judgment action. The district court granted the motion (affirmed by both the Fifth Circuit and U.S. Supreme Court), staying the action pending resolution of the state court action. *Wilton*, 515 U.S. at 279-280, 115 S. Ct. at 2139.

The district court reasoned that the insurer plaintiffs were already parties to the state suit and could assert their claims as defenses and counterclaims. *Wilton v. Seven Falls Co.*, 901 F. Supp. 243, 244 (S.D. Tex. 1993). Moreover, exercising federal jurisdiction would result in piecemeal litigation of the coverage dispute, particularly because resolution of the federal declaratory judgment claim would not dispose of the state court suit. The court also felt that exercising federal jurisdiction would reward the insurers' attempts at forum shopping. *Wilton*, 515 U.S. at 280, 115 S. Ct. 2139.

Similarly, Plaintiffs here are parties to a state action in which they may assert each of the claims forming the basis of this declaratory judgment action as defenses or counterclaims. The state court action clearly provides an adequate forum for resolution of each of the Plaintiffs' claims, and all issues arising from the coverage dispute. Accordingly, this matter should be dismissed.

2. **Judicial Economy Will Not Be Served By Entertaining Plaintiffs' Declaratory Judgment Claims**

Judicial economy also favors abstention in the current case. Plaintiffs' declaratory judgment claims are identical to the claims asserted by AdvancePCS against Plaintiffs in its state court suit. It would be a complete waste of judicial resources, and those of the parties, if two different courts presided over the exact same matter. Resolution of the Illinois proceedings will necessarily resolve the issues raised in Plaintiffs' Complaint filed here. As the Supreme Court

has cautioned, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Thus, allowing this suit to continue would be inconsistent with the purpose of the Declaratory Judgment Act, which is to avoid multiplicity of suits and circuity of actions. *See Brietling*, 2002 WL 1286148 at * 8, citing *United Nat'l Ins. Co. v. Bradleys' Elec. Inc.*, Civ.A.No. H-94-0349, 1995 U.S. Dist. LEXIS 19685, at * 11 (S.D. Tex. March 21, 1995).

Moreover, there are both factual and legal issues set forth in the Illinois action, which are not raised in Plaintiffs' complaint filed here, but which are critically important in resolving the disputes between the parties. Among other things, two of the Insurers sued by AdvancePCS, Continental and National Union, are not parties to this federal action. However, due to the manner in which the claims of all parties interrelate, the presence of both Continental and National Union is clearly necessary in order for there to be efficient, equitable and complete relief, and to avoid piecemeal litigation.[2]

In short, judicial economy will not be served by allowing these declaratory judgment claims to proceed. Without a dismissal or stay of Plaintiffs' declaratory judgment claims here, AdvancePCS will be forced to adjudicate the same coverage issues concurrently in two different jurisdictions, subjecting it to duplicative, protracted, and expensive litigation, and potentially inconsistent and conflicting outcomes. Allowing Plaintiffs' claims to be adjudicated would also

---

[2] As but one example, Plaintiffs may likely assert that some of AdvancePCS's alleged misconduct on which the settlement with AARP and United was based occurred outside of Plaintiffs' policies' effective period, and within the periods of the policies issued by Continental and National Union. Consequently, Plaintiffs may likely argue that, if they are ordered to indemnify AdvancePCS for settlement and defense costs, they are entitled to contribution from Continental and National Union. In short, litigating the potential liability of all the relevant Insurers in one judicial proceeding would provide more complete relief and would better serve the interests of efficiency.

be an unnecessary burden on the Court's docket. Accordingly, this action should be dismissed.

### 3. Plaintiffs' Filing Of A Declaratory Judgment Action Was An Improper Attempt At Bypassing AdvancePCS's Chosen Forum

The second, third, and fourth factors considered by courts all concern whether a plaintiff has utilized his declaratory judgment action to gain access to a federal court on unfair or improper grounds. In this regard, a court must consider whether there is a legitimate reason to file suit in federal court. *See Travelers Indem. Co. of Illinois v. Waffle House*, Inc., No. 3:97-CV-1239-H, 1997 WL 560773, at *1 (N.D. Tex. Aug. 29, 1997). Even when a court determines that a declaratory judgment suit was legitimately filed, "once [the] issue has been joined in a broader state-court lawsuit ... the need for a separate proceeding ... diminishes." *Id.* (where insurer brought a legitimate and typical declaratory judgment action to resolve uncertainty as to its obligation to indemnify, but insured later brought a broader state court action regarding the insurer's obligations, there was far less need for the declaratory judgment proceeding).

In the case at hand, Plaintiffs were aware that AdvancePCS would be filing its coverage lawsuit on April 28, 2005. Despite having never seen fit to file a declaratory action (or do anything else), in the nearly three years since having received AdvancePCS's initial tender of the Underlying Lawsuit, Plaintiffs suddenly now seized the opportunity to rush in and file its own declaratory judgment action here, on the same day, no doubt in an attempt to preclude AdvancePCS from litigating in its preferred choice of forum. *See Brietling USA, Inc. v. Porter*, No. CIV.A. 301CV2331P, 2002 WL 1286148, at *7 (N.D. Tex. June 6, 2002) ("the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the [true] plaintiff ... militates in favor of dismissing the declaratory judgment action" (citation omitted)). Plaintiffs' filing in federal court – in an attempt to change forums and subvert AdvancePCS's choice of forum – is not a proper use of a declaratory judgment action, and

provides a further basis for the dismissal of this action. At a minimum, AdvancePCS's simultaneously filed Illinois action – joining the issues presented here in the context of its "broader state-court lawsuit" – has "diminished . .. the need for [this] separate proceeding." *See Waffle House*, 1997 WL 560773, at * 1.[3]

WHEREFORE, Defendants, CaremarkPCS, f/k/a AdvancePCS, and Caremark Rx, Inc., respectfully request that this Honorable Court enter an Order dismissing Plaintiffs' Original Complaint for Declaratory Judgment or, alternatively, staying the proceeding, as well as granting any other relief that this Court deems fair and just.

---

[3] The two remaining factors do not weigh heavily towards either dismissing or retaining this case. Regarding the issue of whether this is a convenient forum, there is no reason to believe that Texas is any *more* convenient than Illinois. In fact, given that lead counsel for Plaintiffs – Michael J. Duffy and the Tressler, Soderstrom, Maloney and Priess law firm – are located in Chicago, Illinois, which is also where lead counsel for Defendants is located, it would appear that Illinois is the more convenient forum. Moreover, as stated above, the fact that the parties could potentially be litigating in two forums concurrently is both an inconvenience and a tremendous waste of judicial – and financial – resources. Lastly, the issue of interpreting a state judicial decree is not applicable to the current action. Weighing these and all the other factors together it is clear that Plaintiffs' Complaint should be dismissed, or this action stayed.

696018-1                                    13

Respectfully submitted,

CAREMARKPCS AND CAREMARK RX, INC.

By: /s/ Patricia H. Davis
Patricia H. Davis

James M. McCown
State Bar No. 01479500
Patricia H. Davis
State Bar No. 24036449
JACKSON WALKER L.L.P.
901 Main Street
Suite 6000
Dallas, Texas 75202
(214) 953-5783
(214) 661-6670 – Fax

Robert H. Griffith (06237224)
Kevin P. Shea (06243871)
Michael J. Hayes, Jr. (06237276)
Michael P. McBride (06283481)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 – Fax

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May, 2005, a true and correct copy of the foregoing instrument was served by hand-delivery upon:

Robert D. Allen, Esq.
Robert L. Berry, Esq.
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
(214) 978-3000
(214) 978-3099 – Fax

Michael J. Duffy, Esq.
Donald E. Elder, Esq.
**TRESSLER, SODERSTROM, MALONEY & PRIESS**
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois  60606
(312) 627-4000
(312) 627-1717 - Fax

*Patricia N Davis*

3935876v.1