IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 8 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY f/k/a General Accident Insurance Company of America and ONEBEACON AMERICA INSURANCE COMPANY f/k/a Commercial Union Insurance Company, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. **ORIGINAL** | ) ) ) |
| CAREMARKPCS f/k/a AdvancePCS, and CAREMARK RX, INC., | ) ) ) |
| Defendants. | ) ) ) |

No. 3-0VCV-0844G

3:05CV0844 G

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT,
OR ALTERNATIVELY FOR A STAY, AND SUPPORTING BRIEF**

**EXHIBIT A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| CAREMARKPCS, f/k/a ADVANCE PARADIGM, INC., and f/k/a ADVANCEPCS, INC., | ) ) ) | |
|  | ) | 05CH07513 |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: _____ |
| PENNSYLVANIA GENERAL INSURANCE COMPANY, f/k/a GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, COMMERCIAL UNION INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT FOR BREACH OF
### CONTRACT, DECLARATORY JUDGMENT, AND INSURER BAD FAITH

Plaintiff CaremarkPCS, f/k/a AdvancePCS Paradigm, Inc., and f/k/a AdvancePCS, Inc. ("AdvancePCS"), by and through its attorneys, hereby complains of Defendants Pennsylvania General Insurance Company, f/k/a General Accident Insurance Company of America ("Pennsylvania General"), Commercial Union Insurance Company ("Commercial Union"), Continental Casualty Company ("Continental"), and National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") (collectively, the "Insurers" or the "Insurer Defendants"), as follows:

### NATURE OF THE CASE

1.     This action arises out of the Insurer Defendants' complete abandonment of their insured, AdvancePCS, in the defense of an underlying third-party lawsuit, and their *de facto*

655386-01                                        1

repudiation of their rights and obligations under the commercial liability insurance policies they issued. Despite their collecting in excess of $1 million in premiums for issuing these policies to AdvancePCS, each of the Insurers chose to ignore AdvancePCS' tender of defense of the underlying lawsuit, made literally years ago, and ignored AdvancePCS' repeated requests that the Insurers fund a settlement of the underlying lawsuit once such settlement became possible.

2.      Notably, while each of the Insurers turned their back on AdvancePCS, not one of them ever denied AdvancePCS' claim under their respective policy, nor did any one of them even issue so much as a timely reservation of rights or file a declaratory judgment action seeking a declaration of their rights and obligations under their policies. Instead, each of the Insurer Defendants simply kept AdvancePCS' money and ignored their insured's claims.

3.      By this action, Plaintiff AdvancePCS seeks damages for the Insurers' breach of their insurance contracts and also seeks a declaration of the rights and obligations of AdvancePCS and the Insurers under the policies. In addition, AdvancePCS seeks damages caused by certain of the Insurers' vexatious, unreasonable, and bad faith refusal to provide coverage for the underlying lawsuit against AdvancePCS.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209, and 5/2-701. An actual controversy exists between AdvancePCS and the Insurers regarding the existence of coverage under the Policies in connection with the Underlying Lawsuits.

5.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, 5/2-102, and 5/2-103. Dfendant Continental has its principal place of business and headquarters in Chicago, Illinois, and is incorporated under the laws of this State, the other Insurer Defendants are all

655386-01                                                2

authorized and/or transact business within this Circuit, and a substantial number of the events giving rise to Plaintiff's claims occurred in this Circuit.

## PARTIES

6.      Plaintiff CaremarkPCS ("Caremark") acquired AdvancePCS on March 24, 2004. AdvancePCS provided pharmacy benefit management services and therapeutic pharmaceutical services to assist corporations, insurance companies, unions, government employee groups, managed care and other organizations throughout the United States in delivering prescription drugs to their members in a cost-effective manner.

7.      Defendant Pennsylvania General is in the business of, among other things, selling insurance contracts to commercial entities such as AdvancePCS. Pennsylvania General has earned substantial premium income from the sale of such insurance policies in the State of Illinois. Pennsylvania General is the issuer of a certain commercial general liability policy that insured AdvancePCS and its subsidiaries for the period October 1, 2000 to October 1, 2001.

8.      Defendant Commercial Union, an affiliate of Pennsylvania General, is also in the business of, among other things, selling insurance contracts to commercial entities such as AdvancePCS. Commercial Union has earned substantial premium income from the sale of such insurance policies in the State of Illinois. Commercial Union is the issuer of a certain commercial umbrella liability policy that insured AdvancePCS and its subsidiaries for the period October 1, 2000 to October 1, 2001.

9.      Defendant Continental is an Illinois corporation, with its headquarters and principal place of business located at CNA Plaza, Chicago, Illinois. Continental is also in the business of, among other things, selling insurance contracts to commercial entities such as AdvancePCS. Continental has earned substantial premium income from the sale of such

insurance policies in the State of Illinois. Continental is the issuer of a certain commercial general liability policy that insured AdvancePCS and its subsidiaries for the period October 1, 2001 to October 1, 2002.

10.    Defendant National Union is also in the business of, among other things, selling insurance contracts to commercial entities such as AdvancePCS. National Union has earned substantial premium income from the sale of such insurance policies in the State of Illinois. National Union is the issuer of certain commercial umbrella policies that insured AdvancePCS and its subsidiaries for the period October 1, 2000 to October 1, 2001, and for the period October 1, 2001 to October 1, 2002.

## BACKGROUND

### I.    The Insurance Policies Purchased By AdvancePCS

11.    During the relevant time frame, including during 2000, 2001, and thereafter, AdvancePCS purchased certain commercial liability insurance policies from the Insurer Defendants to provide coverage for the defense of lawsuits brought against it – including for those making "advertising injury" allegations in connection with AdvancePCS' business operations, and to provide indemnity in the event of a settlement or judgment against AdvancePCS. In that regard, each of the insurance policies that the Insurer Defendants issued to AdvancePCS (set forth in detail below and attached as exhibits hereto) specifically provided defense and indemnity coverage – in exchange for the substantial premiums paid by AdvancePCS – for any claim or lawsuit alleging "advertising injury," which was defined to include, among other things, "the misappropriation of advertising ideas or style of doing business," "the use of another's advertising idea in your advertisement," and "infringing upon another's ... trade dress or slogan." In this action, AdvancePCS seeks damages for the Insurer

655386-01                                    4

Defendants' breach of their insurance contracts when faced with an underlying lawsuit filed against AdvancePCS which fell squarely within the Insurers' coverage obligations.

12.     On or about October 1, 2000, AdvancePCS purchased from Pennsylvania General a certain commercial general liability policy, with policy number CGL 0175221-00 (the "Pennsylvania General Policy") (a copy of which is attached hereto as Exhibit A), from Commercial Union a certain commercial umbrella policy, with policy number CRDW68775 (the "Commercial Union Policy") (a copy of which is attached hereto as Exhibit B), and from National Union a certain commercial umbrella policy, with policy number BE 3467102 (the "National Union 2000 Policy") (a copy of which is attached hereto as Exhibit C), each for substantial premiums that were timely paid by AdvancePCS.

13.     The "Policy Period" for the Pennsylvania General, Commercial Union and National Union 2000 Policies was October 1, 2000 through October 1, 2001. (Ex's. A, B, and C, Declarations).

14.     Pursuant to the Pennsylvania General, Commercial Union and National Union 2000 Policies, each of Pennsylvania General, Commercial Union and National Union promised to "pay those sums that the insured [AdvancePCS] becomes legally obligated to pay as damages," and they acknowledged that they had "the right and duty to defend [AdvancePCS] against any 'suit' seeking [such] damages." (Ex's. A, B and C).

15.     The Pennsylvania General Policy provides that it will pay up to $1 million for each "Claim" made (including defense costs incurred), and will pay up to $2 million in total. (Ex. A, Declarations).  The Commercial Union Policy sits on top of the Pennsylvania General Policy and provides that, once the Pennsylvania General Policy's limits have been reached, it will pay up to $10 million for each claim, and up to $10 million in total. (Ex. B).  The National

655386-01                                        5

Union 2000 Policy is the final layer, providing an additional $10 million for each claim, and up to $10 million total. (Ex. C). Thus, AdvancePCS had up to $21 million in insurance available to it between the General, Commercial Union and National Union 2000 Policies for the October 1, 2000 to October 1, 2001 time period.

16.    On or about October 1, 2001, AdvancePCS purchased from Continental a certain commercial general liability policy, with policy number GL 1 94324277 (the "Continental Policy") (a copy of which is attached hereto as Exhibit D), and from National Union a second commercial umbrella policy, this time with policy number BE 7392039 (the "National Union 2001 Policy") (a copy of which is attached hereto as Exhibit E), each for substantial premiums that were timely paid by AdvancePCS. The "Policy Period" for the Continental and National Union 2001 Policies was October 1, 2001 through October 1, 2002. (Ex's. D and E, Declarations).

17.    Pursuant to the Continental and National Union 2001 Policies, Continental and National Union each similarly promised to pay those sums "that [AdvancePCS] becomes legally obligated to pay," and they each acknowledged that they had "the right and duty to defend" AdvancePCS against any "claim or suit seeking damages." (Ex's. D and E).

18.    The Continental Policy provides that it will pay up to $1 million for each "Claim" made (including defense costs incurred), and will pay up to $2 million in total. (Ex. D, Declarations). The National Union 2001 Policy sits on top of the Continental Policy and provides that it will pay up to and additional $20 million for each occurrence, and will pay up to $20 million in total. (Ex. E, Declarations).

## II.    United/AARP File Suit Against AdvancePCS

19.    On December 17, 2001, United Healthcare Insurance Co. ("United Healthcare") and AARP filed a lawsuit against AdvancePCS, entitled *United Healthcare Insurance Co. and AARP v. AdvancePCS*, Case No. 01-2320 JMR (the *"United/AARP* Action"), in the United States District Court for the District of Minnesota.    Shortly thereafter, AdvancePCS provided Pennsylvania General, Commercial Union, Continental and National Union with notice of the *United/AARP* action and requested that they assume their defense and indemnity obligations with respect to said action pursuant to their respective policies.    A copy of the *United/AARP* action is attached hereto as Exhibit F.    (Complaint at F(1) and Third Amended Complaint at F(2)).

20.    In their suit, United Healthcare and AARP claimed, among other things, that AdvancePCS misappropriated its style of doing business, trade dress and advertising ideas in connection with a drug discount card program developed and implemented by AdvancePCS that allegedly resulted in confusion to both pharmacists and AARP program participants with a similar program run by United Healthcare and AARP.    United Healthcare and AARP further alleged that solicitations and advertisements issued by AdvancePCS to pharmacists were part of this confusion and misappropriation of their style of doing business.

21.    Based upon such allegations, the *United/AARP* action sets forth various claims, including but not limited to claims for tortious interference, unjust enrichment, and violation of the Minnesota consumer protection statutes.    As relief for such claims, the *United/AARP* plaintiffs sought various injunctive relief, as well as an award of compensatory damages in excess of $50 million, pre- and post-judgment interest, costs, attorneys' fees and other unspecified relief.

III.   **The Insurers Fail to Satisfy Their Coverage Obligations for the Underlying** *United/AARP* **Lawsuit**

22.   As stated above, AdvancePCS timely tendered the *United/AARP* action to the Insurer Defendants in early 2002. Not one of the Insurers denied AdvancePCS' claim. Nor did any of the Insurers even issue any reservation of rights. As the *United/AARP* action neared trial, the parties engaged in a concerted effort to resolve the matter short of trial.

23.   On July 22, 2004, the Insurers were advised that the parties were engaged in serious settlement discussions and were working on finalizing a settlement agreement to resolve the *United/AARP* matter. Not one of the Insurer Defendants raised any objection to such settlement discussions or otherwise protested.

24.   On August 4, 2004, AdvancePCS wrote to the Insurer Defendants once again advising them that settlement discussions were continuing and that the parties were close to agreeing upon the terms of a final written settlement agreement. Accordingly, AdvancePCS requested that the carriers ready their policy proceeds to fund the settlement and reimburse AdvancePCS' defense costs. Once again, not one of the Insurer Defendants raised any objection to the settlement.

25.   On September 13, 2004, AdvancePCS advised the Insurer Defendants that the parties had finally reached agreement on all terms of a settlement of the Underlying Lawsuit, and AdvancePCS forwarded a copy of the Settlement Agreement to each of the Insurers. Accordingly, AdvancePCS requested that each of the Insurers tender the amounts due under their respective policies to fund the settlement and to reimburse AdvancePCS its defense costs.

26.   Surprisingly, despite their having never once denied or even questioned AdvancePCS' claim for coverage of the Underlying Lawsuit, tendered years before, each of the

Insurers has refused to fund the settlement or reimburse AdvancePCS its costs of defense. Accordingly, AdvancePCS was forced to fund the $8 million settlement on its own.

**COUNT ONE:  BREACH OF CONTRACT**

27.     AdvancePCS incorporates by reference, as if fully set forth herein, the statements set forth in paragraphs 1 - 26 above.

28.     AdvancePCS purchased from Pennsylvania General, Commercial Union, Continental and National Union the aforementioned insurance policies that obligated the Insurers to pay defense costs incurred to defend AdvancePCS in the Underlying Lawsuit and to indemnify AdvancePCS for any settlement or judgment with respect to the Underlying Lawsuit. AdvancePCS sent timely notice of the Underlying Lawsuit to the Insurer Defendants and has otherwise complied with all provisions of the policies.

29.     Nonetheless, the Insurer Defendants have wrongfully failed to defend or reimburse AdvancePCS its costs incurred to defend itself against the Underlying Lawsuit, despite it being covered under the policies.  The Insurers have also wrongfully ignored their indemnity and other obligations under the policies.  Accordingly, the Insurers have breached their insurance contracts with AdvancePCS.

30.     As a result of the Insurers' breaches of the policies, AdvancePCS has sustained damages in an amount to be established at trial.

**COUNT TWO:  DECLARATORY JUDGMENT**

31.     AdvancePCS incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 - 30 above.

32.     AdvancePCS has sustained losses related to the Underlying Lawsuit that are covered by the aforementioned policies.  The policies obligate the Insurer Defendants to insure

AdvancePCS with respect to the Underlying Lawsuit. Nonetheless, the Insurer Defendants failed to defend AdvancePCS in the Underlying Lawsuit and have wrongfully ignored their indemnity and other obligations under the policies.

33. A case of actual controversy exists between AdvancePCS and the Insurer Defendants as to their respective rights and obligations for the Underlying Lawsuit under the policies.

34. AdvancePCS seeks entry of a declaratory judgment to declare the rights and other legal relations of AdvancePCS and the Insurer Defendants under the policies with respect to AdvancePCS' claims for insurance coverage for the Underlying Lawsuit. Specifically, AdvancePCS seeks entry of a declaratory judgment holding that:

(a) The Underlying Lawsuit is a claim against AdvancePCS within the meaning of the policies and is otherwise within the grants of coverage in the policies;

(b) No exclusion in the policies bars coverage for the claim for insurance coverage made by AdvancePCS for the Underlying Lawsuit;

(c) The Insurers are obligated to pay all costs incurred on behalf of AdvancePCS to defend the Underlying Lawsuit; and

(d) The Insurer Defendants must indemnify AdvancePCS with respect to the Underlying Lawsuit for any amounts paid to settle and resolve the Underlying Lawsuit.

## COUNT THREE: ESTOPPEL

35. AdvancePCS incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-34 above.

36. By virtue of the Insurers' failure to defend AdvancePCS in the Underlying Lawsuit, their *de facto* repudiation of their other obligations under the policies, their abandonment of AdvancePCS and complete lack of action with respect to the Underlying

Lawsuit, the Insurers are estopped from relying on any policy defenses that they may otherwise have asserted in defending this action.

## COUNT FOUR: INSURER BAD FAITH

37.     AdvancePCS incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-36 above.

38.     Continental's and National Union's refusal to honor their insurance obligations to AdvancePCS is vexatious and without reasonable basis under the policies, is contrary to their prior representations and actions, and is in violation of applicable law.

39.     Continental's and National Union's bad faith refusal to acknowledge and honor their coverage obligations under the policies has caused damage to AdvancePCS over and above the breach of the insurance contracts, and has interfered with AdvancePCS' conduct of its business affairs.

40.     Continental's and National Union's bad faith refusal to acknowledge and honor their coverage obligations to AdvancePCS has resulted in damages sustained by AdvancePCS in amounts to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, CaremarkPCS, f/k/a AdvancePCS Paradigm, Inc., and f/k/a AdvancePCS, respectfully requests that the Court:

    (a)    Enter judgment on Count One of the Complaint in favor of AdvancePCS and against Pennsylvania General, Commercial Union, Continental and National Union;

    (b)    Enter judgment on Count One of the Complaint for compensatory damages in favor of AdvancePCS and against Pennsylvania General, Commercial Union, Continental and National Union for their respective breaches of the insurance contracts in an amount to be established by AdvancePCS at trial;

655386-01                                                11

(c)    Enter a declaratory judgment on Count Two of the Complaint in favor of AdvancePCS and against Pennsylvania General, Commercial Union, Continental and National Union, declaring the following:

    (1)    The Underlying Lawsuit is a claim against AdvancePCS within the meaning of the policies and is otherwise within the grants of coverage in the policies;

    (2)    No policy exclusion bars coverage for the claim for insurance coverage made by AdvancePCS under the policies for the Underlying Lawsuit;

    (3)    The Insurer Defendants are obligated to pay all defense costs incurred on behalf of AdvancePCS to defend the Underlying Lawsuit; and

    (4)    Pennsylvania General, Commercial Union, Continental and National Union must indemnify AdvancePCS with respect to the Underlying Lawsuit for any amounts paid to settle or otherwise resolve the Underlying Lawsuit;

(d)    Enter judgment on Count Three of the Complaint in favor of AdvancePCS and against Pennsylvania General, Commercial Union, Continental and National Union declaring and adjudicating that they are each estopped from denying any duty to defend or indemnify AdvancePCS under the policies with respect to the Underlying Lawsuit;

(e)    Enter judgment on Count Four of the Complaint in favor of AdvancePCS and against Continental and National Union;

(f)    Enter judgment on Count Four of the Complaint in favor of AdvancePCS and against Continental and National Union for compensatory damages and attorneys' fees, in an amount to be established at trial, finding that their failure to acknowledge or satisfy their respective coverage obligations was vexatious and unreasonable and in violation of law, and awarding AdvancePCS reasonable attorney fees and other costs as part of the taxable costs in this action, as well as awarding AdvancePCS all other damages appropriate and permissible by law as a result of such bad faith conduct;

(g)    Award AdvancePCS its fees and costs incurred in bringing this action;

655386-01                                   12

(h)   Award AdvancePCS prejudgment interest on all sums awarded to AdvancePCS in an amount to be calculated in accordance with law; and

(i)   Award to AdvancePCS such other, further, and additional relief as the Court deems just and appropriate.

**Dated:**  April 28, 2005

Respectfully submitted,

CAREMARK PCS, f/k/a ADVANCE PARADIGM, INC., and f/k/a ADVANCEPCPCS

By: _____
One of Its Attorneys

Robert H. Griffith
Kevin P. Shea
Michael J. Hayes, Jr.
Michael P. McBride
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 - Fax

655386-01                                  13



# GA\\ Declarations— Commercial General Liability

GENERAL ACCIDENT INSURANCE

436 Walnut Street
Philadelphia, PA 19105-1109

This Policy is issued by the company designated below by the letter X:

| ☒ General Accident Insurance Company of America 1 | ☐ Potomac Insurance Company of Illinois 2 | ☐ The Camden Fire Insurance Association 3 | ☐ Pennsylvania General Insurance Company 9 |
|---|---|---|---|

| Policy number | Renewal of number |
|---|---|
| CGL 0175221-00 | NEW |

**Item 1**

Named insured and address (no., street, town, county, state, zip code)

ADVANCE PARADIGM, INC., ETAL
P.O. BOX 542906
DALLAS, TX 75354-2906

Form of business
☐ Individual   ☐ Partnership   ☐ Joint venture
☒ Organization (other than Partnership or Joint venture)

Branch Office or General Agent
GLOBAL & NATIONAL ACCOUNTS

Agent name
CBS INSURANCE, LLP.

Business description
MAIL ORDER PRESCRIPTION DRUGS

Agent code
730764

**Item 2**

| This policy period is from 10-01-00 to 10-01-01 12:01 a.m. Standard Time at your mailing address | In return for the payment of the Premium, and subject to all the terms of this Policy, we agree with you to provide the insurance as stated in this Policy. |
|---|---|

**Item 3** Limits of insurance

| | | | |
|---|---|---|---|
| General aggregate limit (other than products-completed operations) | $ 2,000,000 | Each occurrence limit | $ 1,000,000 |
| Products-completed operations aggregate limit | $ 2,000,000 | Fire damage limit | $ 250,000 any one fire |
| Personal & advertising injury limit | $ 1,000,000 | Medical expense limit | $ 1,000 any one person |

**Item 4**

This is an occurrence __X__ /claims made _____ policy. If this is a claims made policy, Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date shown here: _____
(Enter Date or "None" if no Retroactive Date applies)

**Item 5**

Business location
Location of all premises you own, rent or occupy; (enter "same" if same as Item 1)
SEE SCHEDULE ATTACHED

**Item 6**

| Location / Classification | Terr. | Code no. | Premium Base (See reverse side) | Rate Premises/Operations | Rate Products/Compl/Operations | Advance Premium Premises/Operations | Products/Compl Operations |
|---|---|---|---|---|---|---|---|
| MAIL ORDER SALES | 1 | 45901 | 1,118,800,000 | .4022167 | INCL. | 450,000 | INCL. |
| | 1 | | 1 | 1 | 1 | 1 | 1 |
| | 1 | | 1 | 1 | 1 | 1 | 1 |
| | 1 | | 1 | 1 | 1 | 1 | 1 |
| | | | | | Total advance premium $ | 450,000 | |

Premium shown is payable: $ 450,000 at inception, $ _____ 1st anniversary, $ _____ 2nd anniversary

Audit Period: Annual, unless otherwise indicated   ☐ Semi-Annual   ☐ Quarter   ☐ Month

**Item 7**

Coverage Form CG0001 __XX__ /CG0002 _____ and Endorsements attached to this Policy (insert numbers and edition dates)

This Declarations Page, together with the Common Policy Conditions, Broad Form Nuclear Energy Liability Exclusion Endorsement, Coverage Form and Endorsements, if any, issued to form a part thereof, completes the numbered Policy.

03-01-01   PHILADELPHIA, PA   bab
Date and place of issue

Countersigned by (Authorized Agent)

L-2707 rev. 1-94

# CGU                    ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | **GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA** |

| Place of issue | Date of issue |
|---|---|
| **PHILADELPHIA, PA    bab** | **03-01-01** |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  **12:01 A.M.** | **10** | **01** | **00** | **CGL 0175221-00** |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name |
|---|---|---|
| | **730764** | **CBS INSURANCE, LLP.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### SCHEDULE OF LOCATIONS

1.       909 E. COLLINS BOULEVARD
         RICHARDSON, TX    75081

2.       545 E. JOHN CARPENTER FREEWAY SUITE 1570
         IRVING, TX   75343

3.       16629 GLENRIDGE AVENUE
         MIDDLEBURG HEIGHTS, OH   44130

4.       14755 PRESTON ROAD
         DALLAS, TX   75240

5.       1950 CENTURY BOULEVARD #23
         ATLANTA, GA   30345

6.       1177 HIGH RIDGE ROAD
         STAMFORD, CT   06905

7.       2137 WELSH ROAD
         PHILADELPHIA, PA   19115

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1883 Rev.6.96 (1)

# CGU                                        ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA    bab | 03-01-01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour   12:01 A.M. | 10 | 01 | 00 | CGL 0175221-00 |

| | |
|---|---|
| Issued to | ADVANCE PARADIGM, INC., ETAL |

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS INSURANCE, LLP. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

## SCHEDULE OF LOCATIONS - (CONTINUED)

8.      545 E. JOHN CARPENTER FREEWAY SUITE 1500
        IRVING, TX   75354

9.      1300 E. CAMPBELL BOULEVARD
        RICHARDSON, TX   75081

10.     1135 KANE CONCOURSE 4TH FL.
        BAY HARBOUR ISLAND, FL   33154

11.     7301 NORTH UNIVERSITY DR. #300
        TAMARAC, FL   33210

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT
Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement no. _____

Issued by: General Accident Insurance Company of America

| Place of issue | | | | Date of issue |
|---|---|---|---|---|
| Philadelphia, PA | | | | 02/21/01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour   12:01 A.M. | 02 | 20 | 01 | CGL 01725221-00 |

Issued to
Advance PCS

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS Insurance, LLP |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy.  The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

**Additional Insured:**

1300 Campbell, L.P. and Dominion Realty Advisors, Inc
40 North St. Paul
Suite 610
Dallas, TX 75201

Item description: 1300 E. Campbell, Richardson, TX (location)

| Additional premium | Return premium |
|---|---|
| | $ |

Signature of authorized representative

1881  Rev. 6.96

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement no. _____

Issued by: General Accident Insurance Company of America

| | | | | | |
|---|---|---|---|---|---|
| Place of issue | | | | | Date of issue |
| Philadelphia, PA | | | | | 08/07/01 |
| Endorsement effective (standard time) | Month | Day | Year | | Amending policy no. |
| Hour   12:01 A.M. | 06 | 06 | 01 | | CGL 0175221-00 |

Issued to
Advance PCS

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS Insurance, LLP |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

Additional Insured:

New Boston Management Services, Inc
New Boston Allison Two Limited Partnership
New Boston Fund, Inc
00 Pear Street
th Floor
Hartford, CT 06103

Additional premium      Return premium

$ _____

Signature of authorized representative

1881 Rev. 6.96

CGU **ENDORSEMENT**

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement no. _____

Issued by: General Accident Insurance Company of America

| Place of issue | | | | Date of issue |
|---|---|---|---|---|
| Philadelphia, PA | | | | 06/07/01 |
| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
| Hour    12:01 A.M. | 06 | 06 | 01 | CGL 0175221-00 |

Issued to
Advance PCS

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS Insurance, LLP |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy.  The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

<u>Additional Insured:</u>

Pericle Properties
60 Baltimore Drive
Wilkes Barre, PA 18702

Additional premium          Return premium

                            $ _____

Signature of authorized representative

1881  Rev. 6.96

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement no. _____

Issued by: General Accident Insurance Company of America

| Place of issue | | | | Date of issue |
|---|---|---|---|---|
| Philadelphia, PA | | | | 05/04/01 |
| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
| Hour   12:01 A.M. | 05 | 03 | 01 | CGL 0175221-00 |
| Issued to | | | | |
| Advance PCS | | | | |

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS Insurance, LLP |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy.  The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

**Additional Insured:**

Astrich No. 167 Corporation
Paradigm Properties
5600 Corporate Exchange Drive
Suite 175
Columbus, OH 43231

| Additional premium | Return premium |
|---|---|
| | $ |

Signature of authorized representative

1881  Rev. 6.96

CGU

**ENDORSEMENT**

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement no. _____

Issued by: General Accident Insurance Company of America

| Place of issue | | | | Date of issue |
|---|---|---|---|---|
| Philadelphia, PA | | | | 02/08/01 |

| | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Endorsement effective (standard time) | 02 | 06 | 01 | CGL 01725221-00 |

Hour   12:01 A.M.

Issued to
Advance PCS

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS Insurance, LLP |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

Additional Insured:

Duke-Weeks Realty Corporation
431 Opus Place
Suite 120
Downers Grove, IL 60515

Item description: Duke Realty Limited Partnership and its Affiliated Entities and Their Successors and Assigns.

All other terms and conditions remain unchanged.

| Additional premium | Return premium |
|---|---|
| _____ | $ _____ |

Signature of authorized representative

J381  Rev. 6.96

**CGU**

## ENDORSEMENT

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement no.  _____

Issued by: General Accident Insurance Company of America

| Place of issue<br>Philadelphia, PA | | | | Date of issue<br>02/08/01 |
|---|---|---|---|---|
| Endorsement effective (standard time)<br>Hour   12:01 A.M. | Month<br>01 | Day<br>29 | Year<br>01 | Amending policy no.<br>CGL 01725221-00 |
| Issued to<br>Advance PCS | | | | |

| State code | Agent code<br>730764 | Agent name<br>CBS Insurance, LLP |
|---|---|---|

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy.  The policy is amended as indicated by typewritten entry below.

In consideration of a premium to be determined at audit, it is agreed that the policy is amended as follows:

Additional Insured:

EOP-Central Park, LLP
C/o Equity Office Properties Trust
1000 Central Parkway
Suite 220
Atlanta, GA 30328

All other terms and conditions remain unchanged.

| Additional premium | Return premium |
|---|---|
| _____ | $ _____ |

Signature of authorized representative

_____

-1881  Rev. 6.96

# CGU

# ENDORSEMENT

### Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| | |
|---|---|
| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA    bab | 03-01-01 |

| Endorsement effective (standard time) Hour   12:01 A.M. | Month 10 | Day 01 | Year 00 | Amending policy no. CGL 0175221-00 |
|---|---|---|---|---|

| | |
|---|---|
| Issued to | ADVANCE PARADIGM, INC., ETAL |

| State code | Agent code 730764 | Agent name CBS INSURANCE, LLP. |
|---|---|---|

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

## SCHEDULE OF FORMS AND ENDORSEMENTS

| | |
|---|---|
| G-1881 | NAMED INSURED |
| G-1881 | BROAD NAMED INSURED |
| G-1881 | SCHEDULE OF LOCATIONS |
| G-1881 | COMPOSITE RATE ENDORSEMENT |
| G-1881 | CANCELLATION AMENDMENT |
| | |
| G-1881 | UNINTENTIONAL ERRORS OR OMISSIONS |
| G-1881 | NON-OWNED WATERCRAFT AMENDED |
| G-1881 | BLANKET ADDITIONAL INSUREDS WHERE REQUIRED BY CONTRACT OR AGREEMENT |
| G-1881 | AMENDED NOTICE OF OCCURRENCE |
| G-1881 | COMPUTER DATA PROCESSING PROFESSIONAL LIABILITY |
| | |
| G-1881 | FIRE DAMAGE AMENDMENT |
| G-1881 | ASBESTOS EXCLUSION |
| G-1881 | NUCLEAR EXCLUSION |
| G-1881 | INTERCOMPANY SALES EXCLUDED FROM AUDIT |
| CG 0001 (01-96) | COMMERCIAL GENERAL LIABILITY COVERAGE FORM |
| IL 0258 | ARIZONA CHANGES - CANCELLATION AND NON-RENEWAL |
| IL 0260 | CONNECTICUT CHANGES - CANCELLATION AND NON-RENEWAL |
| | |
| CG 0220 | FLORIDA CHANGES - CANCELLATION AND NON-RENEWAL |
| IL 0262 | GEORGIA CHANGES - CANCELLATION AND NON-RENEWAL |
| CG 2605 | MINNESOTA CHANGES |
| IL 0245 | MINNESOTA CHANGES - CANCELLATION AND NON-RENEWAL |
| IL 0244 | OHIO CHANGES - CANCELLATION AND NON-RENEWAL |
| | |
| IL 0246 | PENNSYLVANIA CHANGES - CANCELLATION AND NON-RENEWAL |
| IL 0910 | PENNSYLVANIA NOTICE |

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | **GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA** |

Place of issue
**PHILADELPHIA, PA    bab**                                   Date of issue
                                                            **03-01-01**

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  **12:01 A.M.** | **10** | **01** | **00** | **CGL 0175221-00** |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name |
|---|---|---|
| | **730764** | **CBS INSURANCE, LLP.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### SCHEDULE OF FORMS AND ENDORSEMENT - (CONTINUED)

| | |
|---|---|
| CG 0103 | TEXAS CHANGES - CONDITIONS REQUIRING NOTICE |
| CG 0205 | TEXAS CHANGES - AMENDMENT OF CANCELLATION PROVISIONS OR COVERAGE CHANGES |
| CG 2639 | TEXAS CHANGES - EMPLOYMENT-RELATED PRACTICE EXCLUSION |
| IL 0168 | TEXAS CHANGES - DUTIES |
| IL 0275 | TEXAS CHANGES - CANCELLATION AND NON-RENEWAL PROVISIONS FOR CASUALTY LINES AND COMMERCIAL PACKAGE POLICIES |
| IL 0021 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDT. (BROAD FORM) (TEXAS) |
| CG 2028 | ADDITIONAL INSURED - LESSOR OF LEASED EQUIPMENT |
| CG 2011 | ADDITIONAL INSURED - MANAGERS OR LESSORS OF PREMISES |
| CG 2021 | ADDITIONAL INSURED - VOLUNTEER WORKERS |
| CG 0055 | AMENDMENT OF OTHER INSURANCE CONDITION (OCCURRENCE VERSION) |
| CG 0054 | AMENDMENT OF POLLUTION EXCLUSION - EXCEPTION FOR BUILDING HEATING EQUIPMENT |
| CG 0424 | COVERAGE FOR INJURY TO LEASED WORKERS |
| CG 0300 | DEDUCTIBLE LIABILITY INSURANCE (NOT APPLICABLE IN NH AND VA) |
| CG 2147 | EMPLOYMENT-RELATED PRACTICES EXCLUSION (NOT APPLICABLE IN TX AND WA) |
| L 2661 | EMPLOYEE BENEFITS LIABILITY |
| CG 2116 | EXCLUSION - DESIGNATED PROFESSIONS SERVICES |
| CG 2141 | EXCLUSION - INTER-COMPANY PRODUCTS SUITS |
| CG 2404 | WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US |
| CG 0057 | AMENDMENT OF INSURING AGREEMENT-KNOWN INJURY OR DAMAGE |
| CG 2269 | DRUGGIST LIABILITY |
| CG 2160 | YEAR 2000 EXCLUSION |
| CG 2165 | TOTAL POLLUTION EXCLUSION WITH HEATING EQUIP. & HOSTILE FIRE EXCEPTION |

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative _____

G-1881 Rev.6.96 (1)

# CGU                           ENDORSEMENT

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA | | | | |
|---|---|---|---|---|---|
| Place of issue PHILADELPHIA, PA    bab | | | | Date of issue 03-01-01 | |
| Endorsement effective (standard time) Hour   12:01 A.M. | Month 10 | Day 01 | Year 00 | Amending policy no. CGL 0175221-00 | |
| Issued to ADVANCE PARADIGM, INC., ETAL | | | | | |
| State code | Agent code 730764 | Agent name CBS INSURANCE, LLP. | | | |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### NAMED INSURED ENDORSEMENT

ADVANCEPCS, INC.
ADVANCE PARADIGM, INC.
ADVANCERX.com
ADVP, OPERATIONS, L.P.
ADVP MANAGEMENT, L.P.

ADVP CONSOLIDATION, L.L.C.
PCS HEALTH SYSTEMS, INC.
PCS OF NEW YORK, INC.
PCS SERVICES INC

PCS MAIL SERVICES, INC.
PCS MAIL SERVICES OF BIRMINGHAM, INC.
PCS MAIL SERVICES OF FORT WORTH, INC.
PCS MAIL SERVICES OF SCOTTSDALE, INC.
CLINICAL PHARMACEUTICALS, INC.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative _____

C-1881 Rev.6.96 (1)

# CGU                                  ENDORSEMENT

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| | |
|---|---|
| Issued by:   GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA | |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA    bab | 03-01-01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  12:01 A.M. | 10 | 01 | 00 | CCL 0175221-00 |

Issued to
ADVANCE PARADIGM, INC., ETAL

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CRS INSURANCE, LLP. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
THIS ENDORSEMENT REPLACES ANY POLLUTION EXCLUSION AND AMENDS ALL
INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY FORM

AMENDATORY ENDORSEMENT-ABSOLUTE POLLUTION EXCLUSION

THIS ENDORSEMENT DOES NOT APPLY TO ANY INJURY, DAMAGE, EXPENSE,
COST, LOSS, LIABILITY OR LEGAL OBLIGATION ARISING OUT OF OR IN ANY
WAY RELATED TO POLLUTION, HOWEVER CAUSED.

POLLUTION INCLUDES THE ACTUAL, ALLEGED OR POTENTIAL PRESENCE IN
OR INTRODUCTION INTO THE ENVIRONMENT OF ANY SUBSTANCE IF SUCH SUBSTANCE
HAS, OR IS ALLEGED TO HAVE, THE EFFECT OF MAKING THE ENVIRONMENT
IMPURE, HARMFUL, OR DANGEROUS.  ENVIRONMENT INCLUDES ANY AIR, LAND,
STRUCTURE OR THE AIR THEREIN, WATERCOURSE OR WATER, INCLUDING UNDERGROUND
WATER.

WE SHALL HAVE NO DUTY TO DEFEND ANY SUIT ARISING OUT OF OR IN ANY
WAY RELATED TO POLLUTION.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA   bab | 03-01-01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  12:01 A.M. | 10 | 01 | 00 | CGL 0175221-00 |

| |
|---|
| Issued to |
| ADVANCE PARADIGM, INC., ETAL |

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS INSURANCE, LLP. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### AMENDATORY ENDORSEMENT - WATERCRAFT

IT IS AGREED THAT SECTION I - COVERAGE 2.   EXCLUSIONS IS AMENDED
TO READ:


G.   (2) A WATERCRAFT YOU DO NOT OWN THAT IS:

   (A) LESS THAN 51 FEET LONG

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative
_____

G-1881 Rev.6.96 (1)

# CGU

# ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | **GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA** |

| Place of issue | | | | Date of issue |
|---|---|---|---|---|
| **PHILADELPHIA, PA    bab** | | | | **03-01-01** |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  **12:01 A.M.** | **10** | **01** | **00** | **CGL 0175221-00** |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name |
|---|---|---|
| | **730764** | **CBS INSURANCE, LLP.** |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### KNOWLEDGE OF OCCURRENCE

IT IS AGREED THAT KNOWLEDGE OF OCCURRENCE BY AN AGENT, SERVANT OR
EMPLOYEE OF THE INSURED SHALL NOT IN ITSELF CONSTITUTE KNOWLEDGE
BY THE INSURED UNLESS AND UNTIL THE INSURED'S REPRESENTATIVE RESPONSIBLE
FOR INSURANCE SHALL HAVE RECEIVED SUCH NOTICE FROM ITS AGENT, SERVANT
OR EMPLOYEE.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative
_____

G-1881 Rev.6.96 (1)

# CGU      ENDORSEMENT

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA | | | | |
|---|---|---|---|---|---|
| Place of issue | | | | Date of issue | |
| PHILADELPHIA, PA   bab | | | | 03-01-01 | |
| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. | |
| Hour   12:01 A.M. | 10 | 01 | 00 | CGL 0175221-00 | |
| Issued to | | | | | |
| ADVANCE PARADIGM, INC., ETAL | | | | | |
| State code | Agent code | Agent name | | | |
| | 730764 | CBS INSURANCE, LLP. | | | |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### NOTICE OF CANCELLATION ENDORSEMENT

IT IS AGREED THAT IN THE EVENT OF CANCELLATION (EXCEPT FOR NON-PAYMENT
OF PREMIUM), NON-RENEWAL OR MATERIAL CHANGE IN RATES, COVERAGE,
TERMS OR CONDITIONS, NINETY (90) DAYS' WRITTEN NOTICE WILL BE MAILED
TO THE NAMED INSURED.

IN THE EVENT OF CANCELLATION FOR NON-PAYMENT OF PREMIUM, TEN (10)
DAYS' WRITTEN NOTICE WILL BE MAILED TO THE INSURED.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT

Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| | |
|---|---|
| Issued by: | **GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA** |

| Place of issue | Date of issue |
|---|---|
| **PHILADELPHIA, PA    bab** | **03-01-01** |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour   **12:01 A.M.** | **10** | **01** | **00** | **CGL 0175221-00** |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name | |
|---|---|---|---|
| | **730764** | **CBS INSURANCE, LLP.** | |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### UNINTENTIONAL ERRORS AND OMISSIONS

IT IS AGREED THAT YOUR RIGHTS UNDER THIS POLICY WILL NOT BE PREJUDICED
IF YOU FAIL TO GIVE NOTICE OF AN OCCURRENCE DUE SOLELY TO YOUR REASONABLE
BELIEF THAT THE BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY
OR ADVERTISING INJURY IS NOT COVERED BY THIS INSURANCE.

IT IS FURTHER AGREED THAT THE UNINTENTIONAL OMISSION OF, OR UNINTENTIONAL
ERROR OF ANY INFORMATION PROVIDED BY YOU SHALL NOT PREJUDICE YOUR
RIGHTS UNDER THIS INSURANCE.  HOWEVER, THIS PROVISION DOES NOT AFFECT
OUR RIGHT TO COLLECT ADDITIONAL PREMIUM OR EXERCISE OUR RIGHT OF
CANCELLATION OR NON-RENEWAL.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT

## Not Valid Unless Signed By A Duly Authorized Representative Of The Company

Endorsement number _____

| | |
|---|---|
| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA    bab | 03-01-01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  12:01 A.M. | 10 | 01 | 00 | CGL 0175221-00 |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS INSURANCE, LLP. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

ENDORSEMENT LIMITS: $1,000,000 EACH OCCURRENCE/ $2,000,000 GENERAL AGGREGATE
                INCLUDING A $250,000 DED., EACH AND EVERY. (INCL. ALAE)

COVERAGE APPLIES ONLY IF THE CLAIM IS BOTH MADE AGAINST THE INSURED AND REPORTED
TO THE INSURER DURING THE POLICY PERIOD AND ARISES FROM ACTS THAT TOOK PLACE ON
OR AFTER THE POLICY RETROACTIVE DATE.

ALLOCATED LOSS ADJUSTMENT EXPENSE IS INSIDE ENDORSEMENT LIMIT.

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

THE FOLLOWING IS ADDED TO SECTION 1 —COVERAGE.

THIS INSURANCE APPLIES TO "BODILY INJURY", "PROPERTY DAMAGE" OR "PERSONAL AND ADVERTISING
INJURY" ARISING OUT OF THE RENDERING OF, OR FAILURE TO RENDER ELECTRONIC DATA PROCESSING
SERVICES BY:

   a. THE INSURED; OR
   b. ANY PERSON OR ORGANIZATION FOR WHOSE ACTS, ERRORS OR OMISSIONS THE INSURED
      IS LEGALLY RESPONSIBLE

THE FOLLOWING EXCLUSION IS ADDED TO PARAGRAPH 2. EXCLUSIONS SECTION 1 — COVERAGE
A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY AND SECTION 1 — COVERAGE B —
PERSONAL AND ADVERTISING INJURY LIABILITY.

THIS COVERAGE DOES NOT APPLY TO "BODILY INJURY", "PROPERTY DAMAGE" OR "PERSONAL
AND ADVERTISING INJURY" ARISING OUT OF COMPUTER SOFTWARE PROGRAMS:

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

C-1881 Rev.6.96 (1)

# CGU                    ENDORSEMENT

**Not Valid Unless Signed By A Duly Authorized Representative Of The Company**

Endorsement number _____

| | |
|---|---|
| Issued by: | GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA |

| Place of issue | Date of issue |
|---|---|
| PHILADELPHIA, PA   bab | 03-01-01 |

| Endorsement effective (standard time) | Month | Day | Year | Amending policy no. |
|---|---|---|---|---|
| Hour  12:01 A.M. | 10 | 01 | 00 | CGL 0175221-00 |

Issued to
**ADVANCE PARADIGM, INC., ETAL**

| State code | Agent code | Agent name |
|---|---|---|
| | 730764 | CBS INSURANCE, LLP. |

The above information is not required when this endorsement is issued with the policy.

This endorsement is subject to all the agreements, conditions, and exclusions of the policy. The policy is amended as indicated by typewritten entry below.

### COMMERCIAL GENERAL LIABILITY COVERAGE PART - (CONTINUED)

1. DEVELOPED AND MANUFACTURED BY YOU;
2. DEVELOPED BY YOU AND MANUFACTURED BY OTHERS UNDER A CONTRACT; OR
3. DEVELOPED BY OTHERS AND MANUFACTURED BY YOU UNDER A CONTRACT.

PARAGRAPH f. OF THE DEFINITION OF "INSURED CONTRACT" ADDITIONALLY DOES NOT INCLUDE ANY LICENSING, FRANCHISING OR SIMILAR AGREEMENT WITH RESPECT TO THE MANUFACTURING AND OR DEVELOPMENT OF COMPUTER SOFTWARE PROGRAMS.

| Additional premium | Return premium |
|---|---|
| $ | $ |

Signature of authorized representative

G-1851 Rev.6.96 (1)

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (SECTION V).

## SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

   **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   **(2)** The "bodily injury" or "property damage" occurs during the policy period.

   **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)** That the insured would have in the absence of the contract or agreement; or

   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

   **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

Copyright, Insurance Services Office, Inc., 1994

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers Compensation and Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

   Copyright, Insurance Services Office, Inc., 1994   CG 00 01 01 96

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

a. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement; or

(5) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

(2) The failure of goods, products or services to conform with advertised quality or performance;

(3) The wrong description of the price of goods, products or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

c. Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

## COVERAGE C. MEDICAL PAYMENTS

### 1. Insuring Agreement

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

### 2. Exclusions

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard".

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

5. All costs taxed against the insured in the "suit".

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2.b.(2) of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages), such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

   Copyright, Insurance Services Office, Inc., 1994   CG 00 01 01 96   ☐

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   **a.** An individual, you and your spouse are in-
   sureds, but only with respect to the conduct
   of a business of which you are the sole
   owner.

   **b.** A partnership or joint venture, you are an in-
   sured. Your members, your partners, and
   their spouses are also insureds, but only with
   respect to the conduct of your business.

   **c.** A limited liability company, you are an in-
   sured. Your members are also insureds, but
   only with respect to the conduct of your busi-
   ness. Your managers are insureds, but only
   with respect to their duties as your managers.

   **d.** An organization other than a partnership,
   joint venture or limited liability company, you
   are an insured. Your "executive officers" and
   directors are insureds, but only with respect
   to their duties as your officers or directors.
   Your stockholders are also insureds, but only
   with respect to their liability as stockholders.

2. Each of the following is also an insured:

   **a.** Your "employees", other than either your
   "executive officers" (if you are an organiza-
   tion other than a partnership, joint venture or
   limited liability company) or your managers
   (if you are a limited liability company), but
   only for acts within the scope of their em-
   ployment by you or while performing duties
   related to the conduct of your business.
   However, none of these "employees" is an
   insured for:

   **(1)** "Bodily injury" or "personal injury":

   **(a)** To you, to your partners or members
   (if you are a partnership or joint ven-
   ture), to your members (if you are a
   limited liability company), or to a co-
   "employee" while that co-"employee"
   is either in the course of his or her
   employment or performing duties re-
   lated to the conduct of your business;

   **(b)** To the spouse, child, parent, brother
   or sister of that co-"employee" as a
   consequence of paragraph (1)(a)
   above;

   **(c)** For which there is any obligation to
   share damages with or repay someone
   else who must pay damages because
   of the injury described in paragraphs
   (1)(a) or (b) above; or

   **(d)** Arising out of his or her providing or
   failing to provide professional health
   care services.

**(2)** "Property damage" to property:

   **(a)** Owned, occupied or used by.

   **(b)** Rented to, in the care, custody or con-
   trol of, or over which physical control
   is being exercised for any purpose by

   you, any of your "employees", any partner
   or member (if you are a partnership or
   joint venture), or any member (if you are
   a limited liability company)

   **b.** Any person (other than your "employee"), or
   any organization while acting as your real
   estate manager.

   **c.** Any person or organization having proper
   temporary custody of your property if you die,
   but only:

   **(1)** With respect to liability arising out of the
   maintenance or use of that property; and

   **(2)** Until your legal representative has been
   appointed.

   **d.** Your legal representative if you die, but only
   with respect to duties as such. That repre-
   sentative will have all your rights and duties
   under this Coverage Part.

3. With respect to "mobile equipment" registered in
   your name under any motor vehicle registration
   law, any person is an insured while driving such
   equipment along a public highway with your
   permission. Any other person or organization
   responsible for the conduct of such person is
   also an insured, but only with respect to liability
   arising out of the operation of the equipment,
   and only if no other insurance of any kind is
   available to that person or organization for this
   liability. However, no person or organization is
   an insured with respect to:

   **a.** "Bodily injury" to a co-"employee" of the per-
   son driving the equipment; or

   **b.** "Property damage" to property owned by,
   rented to, in the charge of or occupied by you
   or the employer of any person who is an in-
   sured under this provision.

4. Any organization you newly acquire or form,
   other than a partnership, joint venture or limited
   liability company, and over which you maintain
   ownership or majority interest, will qualify as a
   Named Insured if there is no other similar insur-
   ance available to that organization. However:

   **a.** Coverage under this provision is afforded
   only until the 90th day after you acquire or
   form the organization or the end of the policy
   period, whichever is earlier: