IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY f/k/a General Accident Insurance Company of America and ONEBEACON AMERICA INSURANCE COMPANY f/k/a Commercial Union Insurance Company,<br><br>Plaintiffs,<br><br>v.<br><br>CAREMARKPCS f/k/a AdvancePCS, and CAREMARK RX, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 3:05-cv-0844-G<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

TO THE HONORABLE COURT:

Defendants CaremarkPCS, f/k/a AdvancePCS, and Caremark Rx, Inc. (collectively referred to as "AdvancePCS" and/or "Defendant"), by and through their undersigned counsel, state as follows in further support of their Motion to Dismiss Plaintiffs' Original Complaint for Declaratory Judgment, or alternatively, for a stay of this matter:

### INTRODUCTION

AdvancePCS set forth in its opening brief why this Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to dismiss or stay this proceeding because a state court action with nearly identical issues and parties is currently pending in the Circuit Court of Cook County, Illinois. In their Response, Plaintiffs largely ignore the arguments set forth in AdvancePCS's opening brief, as well as applicable law. Indeed, Plaintiffs cite to just one case as supportive of their position, and that case is a 1947 decision that did not address claims brought under the Declaratory Judgment Act, let alone principles of abstention. In other words, Plaintiffs have provided this Court with no law that would support the denial of this Motion.

Instead, Plaintiffs' Response raises issues more appropriate in a *forum non conveniens* context, apparently forgetting that "declaratory judgment analysis is *not* a euphemism for *forum non conveniens* analysis." *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991) (emphasis in original).[1] Moreover, Plaintiffs' overriding argument that Texas has the primary connection to this case, and that the convenience of the parties and of potential witnesses supports the denial of AdvancePCS's motion to dismiss, is belied by Plaintiffs' own Response papers. Indeed, not a single one of the parties is a Texas resident. Further, of the *35* witnesses identified by Plaintiffs' counsel, just *one* is a resident of the State of Texas.

In short, all of the relevant factors support the dismissal of the instant proceeding. The pending Illinois action allows for the litigation of all issues and this federal action for declaratory relief would amount to a mere duplication of effort. This Court, therefore, should exercise its discretion to dismiss or stay the current action pursuant to Rule 12(b) and 28 U.S.C. § 2201(a).

## ARGUMENT

### I. THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, TO STAY THE CURRENT ACTION

#### A. All Disputed Matters May Be Fully Litigated In The Pending Illinois State Court Action

Unable to dispute that all of the matters in controversy may be fully litigated in the pending Illinois state court action (the first, and most important, factor in deciding whether to dismiss this federal declaratory action), Plaintiffs change course and attempt to graft an additional requirement onto this factor – that the pending state action have a "material connection" to the case. (Response,

---

[1] In response to plaintiff's contention that trial court erred in failing to consider convenience to the parties and the witnesses, the Fifth Circuit in *Torch* stated: "A district court's discretion in dismissing declaratory judgment actions is not directly governed by considerations relevant in a suit dismissed under the *forum non conveniens* doctrine. Stated differently, the factors to be considered by the district court in exercising its sound discretion concerning the dismissal of a declaratory judgment action are not the same factors that are to be considered by a district court in exercising its sound discretion in dismissing a case under the *forum non conveniens* doctrine." *Torch*, 947 F.2d at 195 (citation omitted).

2

p. 7). Plaintiffs do not cite to any law establishing such an additional requirement, nor do Plaintiffs define or elaborate on what they believe would constitute such a "material" connection or interest.[2]

Regardless, it cannot be, and is not, disputed that AdvancePCS's state court suit provides "a forum for the resolution of *all* disputes arising from [AdvancePCS's] claim[s] under the insurance polic[ies]," including each of Plaintiffs' claims in the declaratory judgment action. *See Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992) (emphasis in original). Likewise, Plaintiffs do not dispute that the maintenance of this federal action would only result in the duplication of the efforts of both the Illinois court and of the parties. Thus, exercising federal jurisdiction over Plaintiffs' Complaint is completely unnecessary. *See, e.g., Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992) (district court abused its discretion in not dismissing or staying declaratory judgment suit, in part because issues in federal suit could be resolved in state court); *Aetna U.S. Healthcare of North Texas Inc. v. Durboraw*, No. CIVA 3:00CV2740D, 2001 WL 540078, at *2 (N.D. Tex. May 17, 2001) (staying federal declaratory judgment action with "virtually identical issues" and "substantially related parties" as state suit, and where all matters in controversy could be fully litigated in state court). As such, this action should be dismissed.

Moreover, it must be noted that Plaintiffs' irrelevant contention that Illinois lacks any "material connection" to the case at hand is wholly incorrect in any event. (Response, pp. 2, 7, 9). Indeed, as even Plaintiffs acknowledge, Continental – one of the four Insurers – is an Illinois corporation, and Continental negotiated and issued the commercial general liability policy it sold to AdvancePCS out of the State of Illinois. By comparison, not a single one of the parties to this

---

[2] In a similar misstatement of the law, Plaintiffs assert: "*The purpose* of abstention is to allow a state court with an interest in applying its own law to be able to do so." (Response, p. 7) (emphasis added). Plaintiffs conveniently fail to cite any authority, however, for such an incorrect, overbroad and generalized statement. In fact, the purpose of abstention in this context is to avoid an unnecessary, duplicative federal proceeding where there is a pending state court action that provides an adequate forum for the resolution of all matters in controversy. *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-289 (1995). Here, there is no dispute that the Illinois court provides such a forum.

3

action, or the Illinois action, are residents of the State of Texas. Moreover, as evidenced by the affidavit of Robert H. Griffith ("Griffith Aff.") attached as Exhibit A hereto, there are far more witnesses in this matter that are residents of the State of Illinois than the single Texas witness identified by Plaintiffs.

Although Plaintiffs baselessly state that "Illinois is a wholly inappropriate venue for this case" (Response, p. 7), they do not, and cannot, argue that the Illinois action was not brought in full compliance with Illinois' venue statute. In short, Illinois is an entirely appropriate venue to litigate this insurance coverage dispute, and that state possesses both contacts to – and an interest in adjudicating – this matter (even were that a factor in the Court's analysis, which it is not). Merely because Texas may also have some interest in litigating does not mean that Illinois is an improper venue.[3]

In short, Plaintiffs are parties to a state action in which they may assert each of the claims forming the basis of this declaratory judgment action as defenses or counterclaims. The state court action clearly provides an adequate forum for resolution of each of the Plaintiffs' claims, and all issues arising from the coverage dispute. Accordingly, this matter should be dismissed.

**B.     Judicial Economy Will Not Be Served By Entertaining Plaintiffs' Declaratory Judgment Claims, As All Disputed Matters May Be Fully Litigated In The Pending Illinois State Action**

The Declaratory Judgment Act provides an important exception to the normal principle that federal courts should adjudicate claims within their jurisdiction; rather, "considerations of

---

[3] Plaintiffs repeatedly assume that Texas law will govern the substantive coverage issues in this matter. However, not only do Plaintiffs fail to conduct any proper choice-of-law analysis, but there is the obvious possibility that Illinois law (not to mention the law of other states, including Pennsylvania and New York) will govern this dispute, or at least some portions thereof. Regardless, however, even assuming that part or all of the dispute were governed by Texas law, the Illinois state court is fully capable of applying such law to the disputes at hand. Moreover, as there are no federal law issues presented, there is no need for a federal court to adjudicate this suit. *See Am. Employers' Ins. Co. v. Eagle Inc.*, No. 03-31129, 2004 WL 2790622, at *2 (5th Cir. Dec. 6, 2004). Regardless of the substantive law to be applied, then, the Illinois court is fully competent to decide the issues of fact and law, and this issue has no bearing on whether the instant motion should be granted.

practicality and wise judicial administration" come into play. *Wilton*, 515 U.S. at 288. As set forth in the Motion to Dismiss, such judicial economy considerations favor abstention in the current case. Although Plaintiffs argue to the contrary in their opposition, their argument is not one of judicial economy at all. Rather, they argue that, "because Texas law should govern an interpretation of the terms and conditions of the policies," this Court should not dismiss or stay this case. (Response, p. 9). However, not only is Plaintiffs' statement nothing more than unsupported speculation (indeed, as discussed above, despite Plaintiffs' failure to perform any choice of law analysis, it is far from certain that any portion of this dispute will ultimately be decided under Texas law[4]), but such a statement does not relate to judicial economy considerations at all.[5]

Elsewhere in their Response, Plaintiffs unwittingly concede that true considerations of judicial economy require the dismissal of this action. Among other things, Plaintiffs admit that this proceeding raises the very same issues already raised in the Illinois Action. (*See* Response, p. 4). Plaintiffs also do not dispute that it would be a complete waste of judicial resources, and those of the parties, if two different courts were to preside over the exact same matter. Plaintiffs also concede, as they must, that resolution of the Illinois proceedings will necessarily resolve the issues raised in Plaintiffs' Complaint filed here. (Response, p. 4). As a result, Plaintiffs are unable to contest that, without a dismissal of Plaintiffs' declaratory judgment claims here, the parties will be forced to adjudicate the same coverage issues concurrently in two different jurisdictions, subjecting themselves to duplicative, protracted, and expensive litigation, and potentially inconsistent and

---

[4] Regardless, the Illinois court is plainly capable of deciding the relevant state law issues in this case, whether Illinois law, Texas law, or both, are deemed to apply to the current dispute, or the various components thereof. Indeed, state courts regularly conduct choice of law analyses and routinely apply the law of their sister states in resolving coverage disputes of this sort.

[5] For this same reason, Plaintiffs' reliance on the 1947 decision in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947), as quoted in *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (Response, p. 9), is entirely misplaced. *Gulf Oil* simply addressed which of two competing federal courts should preside over a federal diversity case, a situation plainly not present in the case at bar. *Gulf Oil* did not involve, and did not address, claims brought under the Declaratory Judgment Act, let alone principles of abstention (nor did *Van Dusen*). In short, *Gulf Oil* – which, incredibly, was the only new case cited by Plaintiffs in support of their opposition – has no applicability to the matters to be decided here.

conflicting outcomes, all the while unnecessarily burdening this Court's docket.

Plaintiffs state in their Response that they might file a *forum non conveniens* motion in the Illinois action on the grounds that this forum is more convenient for the parties and witnesses (Response, pp. 2, 10). However, not only is it mere conjecture to presume that the Illinois court would grant such a motion, but Plaintiffs have failed to provide even the slightest basis that such a motion could even be brought in good faith. Indeed, not a single one of the parties involved in the Illinois action (or this one) is a Texas company or is based in Texas. Moreover, of the **35 witnesses** identified in Plaintiffs' counsel's own affidavit (Response, Ex. B), **just one** is purportedly a Texas resident. The others are scattered across the United States. Thus, even ignoring the fact that Plaintiffs' affidavit has conveniently omitted the Illinois witnesses involved in this matter, there is no indication that any court would grant a *forum non conveniens* motion, even were one to be brought.[6]

It is well-established that a district court should "deny[] declaratory relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties can satisfactorily be adjudicated in [a pending] state court proceeding" and where a federal action would serve no purpose "beyond mere duplication of effort." *Magnolia Marine*, 964 F.2d at 1581. Here, AdvancePCS's state court suit plainly provides "a forum for the resolution of *all* disputes arising from [AdvancePCS's] claim[s] under the insurance polic[ies]." *See Granite State*,

---

[6] Plaintiffs have also failed to advise this Court that the other insurer defendants to the Illinois action do not support any effort to dismiss the Illinois action, on *forum non conveniens* grounds or otherwise. To the contrary, both of the other insurers are answering the Illinois complaint and seeking to have all issues addressed in that forum. Plaintiffs do not explain just how they intend to prevail on their motion when it is not supported by all of the defendants (a similar failure by Plaintiffs resulted in another federal court – this one sitting in the Northern District of Illinois – finding that Plaintiffs had wrongfully removed AdvancePCS's Illinois action in plain violation of federal law, and remanding that action back to state court). Also, although Plaintiffs initially suggest that no consideration should be given to potential counterclaims to be filed between the carriers, they admit in nearly the same breath that they are, in fact, considering filing such claims, and argue that they could "be maintained in this venue." (Response, p. 10). This, despite the other carriers answering the Illinois proceeding and seeking to have their disputes resolved in that forum. In short, AdvancePCS's claims against *all* the Insurers, and *all* the Insurers claims against each other, can only be resolved in the Illinois action, and that action plainly provides the most complete relief and best serves the interests of efficiency.

6

986 F.2d at 96 (emphasis in original). Plaintiffs' declaratory judgment action, on the other hand, presents no unique issues and would only result in the duplication of the efforts of both the Illinois courts and the parties. Despite their conclusory assertions, Plaintiffs have failed to set forth any persuasive evidence to the contrary. Because the pending Illinois action is broader, more comprehensive, and better able to effectuate complete relief between the interested parties to the coverage dispute at hand, Plaintiffs' federal declaratory judgment claim should be dismissed or stayed. *See Brietling USA, Inc. v. Porter*, No Civ.A. 301CV2331P, 2002 WL 1286148, at *7 (N.D. Tex. June 6, 2002) (federal declaratory judgment claim stayed in favor of broader, more comprehensive state court suit).In short, because all the aforementioned disputed matters may only be fully litigated in the Illinois action and because a separate federal declaratory judgment action would merely duplicate the Illinois court's efforts and amount to a considerable waste of resources, considerations of judicial economy dictate that this Court abstain from adjudicating the current action.

### C. Equity and Convenience of the Parties and Witnesses Do Not Weigh In Favor of Maintaining the Texas Action

Plaintiffs surprisingly contend that litigating in Texas would be more convenient for the parties and witnesses than litigating in Illinois. (Response, pp. 8-9). However, other than this conclusory assertion, Plaintiffs provide this Court with no reason to believe that Texas is any *more* convenient than Illinois. In fact, a considered review of the very statements in Plaintiffs' own Response, as well as the affidavit of Plaintiffs' own counsel attached thereto, reveals that, if anything, Illinois is the more convenient of the two forums.

First, as Plaintiffs themselves admit (Response, p. 8), Continental is an Illinois insurer, incorporated under the laws of the State of Illinois, from where the relevant Continental policy was issued to AdvancePCS. Not a single one of the parties is a Texas company, or has its principal place of business in Texas.

As far as witnesses are concerned, the ties to Texas are no stronger. Indeed, of the **35 witnesses** identified in Plaintiffs' counsel's own affidavit (Response, Ex. B), **just one** is purportedly a Texas resident (Eugene Isotti, who presumably has knowledge relating to a policy issued by AIG, one of the other insurers). The other 34 witnesses are scattered across the United States – from New York to Arizona. Moreover, Plaintiffs' affidavit has omitted many witnesses with relevant knowledge, including, conveniently, all of those located in Illinois. *See* Griffith Aff., Ex. A.

Thus, if this factor favors either of the forums at all, it is Illinois. Indeed, even as to those witnesses located outside of Illinois (e.g. those located in Minnesota, Pennsylvania, and Tennessee), Illinois is centrally located and provides as convenient of a forum as possible for such individuals. It is also notable that lead counsel for Plaintiffs (Michael J. Duffy and Tressler, Soderstrom, Maloney and Priess) and lead counsel for Defendants, are both located in Chicago, Illinois. At a minimum, due to the geographic diversity of the potential witnesses, this factor is neutral, favoring neither forum. *See i2 Techs. US, Inc. v. Lanell*, No. CIV.A. 302CV0134G., 2002 WL 1461929, at *8 (N.D. Tex. July 2, 2002) (in dismissing declaratory action in favor of another pending action, court held that convenience of the witnesses and parties favored neither party where witnesses were from both forums and several other parts of the country and both parties would be inconvenienced by having to litigate in the alternate forum); *Houston Gen. Ins. Co. v. Taylor Lumber & Treating, Inc.*, No. CIV. A. 96-1523., 1997 WL 40633, at *2 (E.D. La. Jan. 30, 1997) (where parties and most witnesses did not reside in either federal or state forum, relative convenience was not determinative); *Kinetic Concepts, Inc. v. Connetics Corp.*, No. Civ.A.SA-04-CA0237XR., 2004 WL 2026812, at *4 (W.D. Tex. Sept. 8, 2004) (ruling that convenience factor weighs in favor of dismissing declaratory judgment action where Texas forum was just as burdensome to defendant as California forum would be to plaintiff); *May Dept. Stores v. Employees Retirement Sys. of Ala.*, No. 93 Civ. 0879 (JSM), 1993 WL 362389, at *3 (S.D.N.Y. Sept. 14, 1993) (convenience factor was neutral where most

declaratory judgment defendants were located near state forum, one plaintiff was located near federal forum, and the other plaintiff was not near either forum).

Clearly, then, litigating in Texas is no more convenient than litigating in Illinois. In fact, it is likely less convenient.

### D. Plaintiffs' Filing Of A Declaratory Judgment Action In This Court Was An Improper Attempt At Subverting Its Insured's Choice Of Forum

Finally, Plaintiffs' filing of the current action in federal court was merely an attempt to subvert AdvancePCS's choice of forum, clearly a misuse of the Declaratory Judgment Act. *See Brietling*, 2002 WL 1286148, at *7 ("the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the [true] plaintiff ... militates in favor of dismissing the declaratory judgment action" (citation omitted)).[7]

In an attempt to support the legitimacy of its own choice of venue, Plaintiffs first disingenuously state that AdvancePCS did not inform them "of its preferred venue or seek to reach an accord as to a particular litigation forum." (Response, 10-11). To the contrary, Plaintiffs knew full well that AdvancePCS was filing suit in Cook County, Illinois, on April, 28, 2005 – the same time Plaintiffs were apparently rushing to this Court to file the instant action. Plaintiffs then mention on multiple occasions that they filed their declaratory complaint six hours prior to AdvancePCS (Response, pp. 4, 11), apparently inferring that a race to the courthouse is relevant to a court's abstention determination. It is not. To be sure, the mere fact that AdvancePCS's state court suit was not filed prior to Plaintiffs' federal declaratory judgment action is "in no way determinative." *See*

---

[7] Plaintiffs mischaracterize the *Brietling* decision in their Response. In *Brietling*, Judge Solis held that *both* the plaintiff and defendant filed their respective state and federal court suits "in an apparent attempt to gain an alternative forum to adjudicate their dispute." *Brietling*, 2002 WL 1286148, at *7. For this reason, *Trejo* factors two and three were neutral in determining whether to stay or dismiss the defendant's federal declaratory judgment action in favor of the plaintiff's broader state court action. *Id.* The Court went on to rule, however, that factor four – whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist – favored resolution of the dispute in the recently-remanded state court action because "by allowing [the defendant] to proceed with its [federal] declaratory judgment action, the Court would be inequitably denying [the plaintiff] her choice of forum." *Id.*

9

*Travelers Indem. Co. of Ill. v. Waffle House, Inc.*, No. 3:97-CV-1239-H, 1997 WL 560773, at *2 n.3 (N.D. Tex. Aug. 29, 1997).

In the end, even were this Court to agree that Plaintiffs' filing of the current action was legitimate in the first instance due to the "propriety of a Texas federal forum" (Response, p. 2), Plaintiffs have failed to set forth a single, legitimate need for the current action in the face of a broader state action pending. Because the issues in the current action have been "joined in [the] broader [Illinois] lawsuit ... the need for a separate proceeding ... diminishes." *See id.* at *1. For the aforementioned reasons, there is simply no need for adjudication of the federal declaratory claim; this Court should therefore exercise its discretion under the Declaratory Judgment Act and dismiss, or alternatively stay, the current action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order dismissing Plaintiffs' Original Complaint for Declaratory Judgment or, alternatively, staying the proceeding, as well as granting any other relief that this Court deems fair and just.

**Dated:** June 29, 2005

Respectfully submitted,

CAREMARKPCS AND CAREMARK RX, INC.

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
TEL: (214) 953-6000
FAX: (214) 953-5822

By: _____
James M. McCown
State Bar No. 00788002

OF COUNSEL:
Robert H. Griffith (06237224)
Kevin P. Shea (06243871)
Michael P. McBride (06283481)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of June, 2005, all counsel are being were served by electronic mail through the ECF filing system.

_____
James M. McCown

3983178v.1