UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PENNSYLVANIA GENERAL        )
INSURANCE COMPANY f/k/a     )
GENERAL ACCIDENT INSURANCE  )
COMPANY OF AMERICA, ET AL., )          CIVIL ACTION NO.
                            )
        Plaintiffs,         )          3:05-CV-0844-G
                            )
VS.                         )
                            )
CAREMARKPCS f/k/a ADVANCEPCS,)
ET AL.,                     )
                            )
        Defendants.         )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the motion of the defendants, CaremarkPCS, f/k/a

AdvancePCS, and Caremark Rx, Inc. (collectively, "AdvancePCS"), to dismiss the

original complaint for declaratory judgment of the plaintiffs, Pennsylvania General

Insurance Company f/k/a General Accident Insurance Company of America

("Pennsylvania General") and OneBeacon America Insurance Company f/k/a

Commercial Union Insurance Company ("OneBeacon") (collectively, the "plaintiffs"),

or in the alternative, to stay this action.  For the reasons discussed below, the

plaintiffs' motion to dismiss is granted.

## I. BACKGROUND

In 1997, the American Association of Retired Persons ("AARP") launched a

program making available to its members prescription drug discount cards that

guaranteed prices on specified medications at participating pharmacies.  Pennsylvania

General Insurance Company's and OneBeacon America Insurance Company's

Original Complaint for Declaratory Judgment ("Complaint") ¶ 9.  AARP retained

AdvancePCS to, among other things, issue the cards to the participants.  *Id.* ¶ 10.

AdvancePCS was terminated by AARP on April 18, 2001, effective

September 1, 2001.  *Id.* ¶ 14.  On the date of termination, AdvancePCS launched its

own "open membership" prescription drug discount card program, using the same

carrier number it used for AARP, and automatically enrolled thousands of AARP

members.  *Id.* ¶ 17.

AARP filed suit against AdvancePCS in the United States District Court for

the District of Minnesota (the "AARP lawsuit").  *See generally* Second Amended

Complaint in *United Healthcare Insurance Company and AARP v. AdvancePCS*, No. 01-

CV-2320-RHK/AJB (D. Minn.), *attached to* the Complaint as Exhibit 1.  On

September 15, 2004, the parties reached a settlement under which AdvancePCS

agreed to pay certain sums in consideration for a full release of all claims and causes of action arising out of the AARP lawsuit.  Complaint ¶ 22.

From October 1, 2000 to October 1, 2001, AdvancePCS was covered by insurance policies issued by Pennsylvania General and OneBeacon (then known as Commercial Union Insurance Company).  *Id.* ¶¶ 23-26; Defendants' Motion to Dismiss Plaintiffs' Original Complaint for Declaratory Judgment, or Alternatively for a Stay, and Supporting Brief ("Motion to Dismiss") at 2-3.  AdvancePCS was also covered by two additional insurers, Continental Casualty Company ("Continental") and National Union Fire Insurance Company ("National Union").  *Id.* at 3.  AdvancePCS asserts that it provided each of the four insurers with timely notice of the AARP lawsuit and requested that they undertake defense and indemnity obligations according to their respective policies.  *Id.* at 4.  Although the insurers neither denied AdvancePCS' claim nor issued a right of reservation when they were informed of the proceedings, each insurer failed to fund the settlement or to reimburse AdvancePCS for its defense costs.  *Id.*

On April 28, 2005, Pennsylvania General and OneBeacon filed a complaint in this court seeking a declaration, in accordance with 28 U.S.C. § 2201, that they owe no duty to indemnify AdvancePCS, or its parent company Caremark Rx, with regard to the litigation and settlement of the AARP lawsuit.  *See generally* Complaint.  Also on April 28, 2005, AdvancePCS filed an action in the Chancery Division of the

Circuit Court of Cook County, Illinois, against Pennsylvania General, OneBeacon,

Continental, and National Union asserting claims for breach of the insurance

contracts, declaratory judgment, estoppel, and insurer bad faith in connection with

the insurers' refusal to defend and indemnify their insured, AdvancePCS, in the

underlying lawsuit filed against it by AARP.  Motion to Dismiss at 1-2.  AdvancePCS

filed the instant motion to dismiss, or alternatively for a stay of the proceedings, on

May 18, 2005.  *See generally* Motion to Dismiss.

## II.  ANALYSIS

The Declaratory Judgment Act (the "Act") provides that "any court of the

United States . . . may declare the rights and other legal relations of any interested

party seeking such declaration. . . ."  28 U.S.C. § 2201.[1]  The Supreme Court has

held that the Act grants discretion to the courts rather than an absolute right to a

litigant.  *Wilton v. Seven Falls Company*, 515 U.S. 277, 287-88 (1995) ("By the

Declaratory Judgment Act, Congress sought to place a remedial arrow in the district

court's quiver; it created an opportunity, rather than a duty, to grant a new form of

_____

[1]        It is well settled that the Act does not expand the subject matter
jurisdiction of the federal courts.  *Franchise Tax Board of the State of California v.
Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 15-16, 103
S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting *Skelly Oil Company v. Phillips Petroleum
Company*, 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)); *Comstock Oil
& Gas Inc. v. Alabama and Coushatta Indian Tribes of Texas*, 261 F.3d 567, 573 n.5 (5th
Cir.2001), *cert. denied*, 535 U.S. 971, 122 S.Ct. 1438, 152 L.Ed.2d 382 (2002).
Subject matter jurisdiction in this case, however, is based on diversity of citizenship.
Complaint ¶ 7.

relief to qualifying litigants."); see also *SherwinWilliams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003).  Thus, this court may choose to dismiss this case by not exercising jurisdiction over it.

In making that decision, the Fifth Circuit has outlined three issues this court must consider:  (1) whether the declaratory action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action.  *Sherwin-Williams*, 343 F.3d at 387.

A.  Justiciability of the Action

Although the Fifth Circuit has noted that determining justiciability in the context of suit for declaratory judgment can be challenging, see *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000), a case will be justiciable if an "actual controversy" exists between the parties.  *Id.* at 895-96.  An actual controversy exists where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.  *Id.* at 896 (citations omitted).

Within hours of the filing of this declaratory judgment suit, an action between these same parties was filed in Illinois asserting state law claims for breach of contract, estoppel, and insurer bad faith in connection with the plaintiffs' refusal to defend and indemnify AdvancePCS in the AARP lawsuit.  This case is plainly justiciable, as it involves an actual controversy of sufficient immediacy and reality between two parties who have adverse legal interests.

## B. <u>Authority of the District Court</u>

If the court concludes that a declaratory action is justiciable, it must then determine whether it has the authority to grant declaratory relief.  Under the second element of the analysis, a district court does not have authority to consider the merits of a declaratory judgment action when:  (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act, 28 U.S.C.A. § 2283.  *Sherwin-Williams*, 343 F.3d at 388 n.1. (citing *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir.1993)).  Because, as explained below, all three factors are met, this court does not have authority to grant declaratory relief to the plaintiffs, and their complaint is dismissed.

### 1. *Previously-Filed State Court Action*

The first consideration in determining whether a district court lacks authority to entertain a declaratory judgment action is whether the declaratory defendant filed suit in state court before the declaratory action was filed.  *Id.*  In this case, the plaintiffs filed the instant action for declaratory judgment six hours before the state suit was filed.  Pennsylvania General Insurance Company's and OneBeacon America's Brief in Opposition to Defendants' Motion to Dismiss the Original Complaint for Declaratory Judgment, or Alternatively for a Stay ("Response") at 11.  AdvancePCS

avers that "Plaintiffs knew full well that AdvancePCS was filing suit in Cook County, Illinois, on April, 28, 2005 -- the same time Plaintiffs were apparently rushing to this Court to file the instant action."  Defendants' Reply Brief in Support of their Motion to Dismiss ("AdvancePCS' Reply") at 9.

As a general rule, federal courts lack authority to grant declaratory relief only when the state court action is filed prior to the filing of the federal court action.  See *Sherwin-Williams*, 343 F.3d at 388 n.1.  However, in instances such as this, where the difference in filing times is a matter of hours, this court will not automatically assume that the court's authority is beyond dispute.  A policy of such strict adherence to the general rule would only instigate an unnecessary and counter-productive race between litigants to be the first to file.  Accordingly, the same day filing of the state court action is sufficient to call into question the authority of this court to grant declaratory relief to the plaintiffs.

### 2.  *Similarity of Issues*

The second consideration in determining whether a district court lacks authority to entertain a declaratory judgment action is whether the state action involves the same issues as the federal action.  *Sherwin-Williams*, 343 F.3d at 388 n.1. A comparison of the counts alleged in the two complaints reveal that they do in fact involve the same issues.

The plaintiffs seek a declaration that they owe no duty to indemnify AdvancePCS for the sums paid to settle the AARP lawsuit or to reimburse AdvancePCS the costs it incurred to defend the lawsuit before the settlement. Complaint at 1-2. The plaintiffs include four allegations in support of their position: (1) that AdvancePCS' claim falls outside the coverage of the policies; (2) that the plaintiffs are not liable for expenses incurred before they were notified about the AARP lawsuit; (3) that the plaintiffs are not liable because the settlement was unauthorized; and (4) that the disgorgement of AdvancePCS' allegedly "ill-gotten gains" do not constitute "damages" under the policies. *See generally* Complaint.

AdvancePCS' complaint, filed in an Illinois state court, alleges: (1) breach of the insurance policies issued to AdvancePCS by the plaintiffs and two other insurers; (2) a declaration of the rights and legal relations between AdvancePCS and the four insurers with respect to AdvancePCS' claims for insurance coverage for the AARP lawsuit; (3) estoppel of the four insurers from relying on any policy defenses that they may otherwise have asserted in defending the action; and (4) insurer bad faith in connection with the insurers' refusal to defend and indemnify AdvancePCS for the AARP lawsuit. See generally *Caremark PCS v. Pennsylvania General Insurance Company, et al.*, No. 05-CH-07513 (Ill. Cir. - Cook County), Complaint for Breach of Contract, Declaratory Judgment, and Insurer Bad Faith ("State Complaint"), *attached to* the Motion to Dismiss as Exhibit A.

- 8 -

The plaintiffs' federal declaratory judgment action presents no unique issues, as each of their four allegations will necessarily be addressed and resolved when the Illinois state court determines whether the insurers acted in bad faith and breached their contracts with AdvancePCS, as well as when it considers AdvancePCS' request for declaratory judgment.  The plaintiffs themselves admit that their declaratory action "seek[s] to adjudicate the very same coverage issues relevant to the primary and umbrella policies at issue in the [Illinois state court] lawsuit."  Response at 4. Thus, the fact that the state action involves the same issues as the federal action supports the proposition that this court lacks authority to grant the declaratory relief requested by the plaintiffs.

### 3.  *The Anti-Injunction Act*

The third consideration in determining whether a district court lacks authority to entertain a declaratory judgment action is whether the district court would be prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Sherwin-Williams*, 343 F.3d at 388 n.1.  The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C.A. § 2283.  If an injunction would be barred by the Anti-Injunction Act, the issuance of a declaratory judgment that would have the same effect should also be barred.  *American Airlines,*

*Inc. v. Department of Transportation*, 202 F.3d 788, 802 (5th Cir.) (citing *Texas Employers' Insurance Association v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc), *cert. denied*, 490 U.S. 1035 (1989)), *cert. denied*, 530 U.S. 1274 (2000).

Section 2283 delineates three exceptions to the anti-injunction rule, but this case does not fall under any of them. The first exception, express authorization by Congress, does not apply here because, to the court's knowledge, Congress has not expressly authorized injunctions of state insurance coverage claims. See, *e.g.*, *Texas Employers Insurance Association*, 862 F.2d 491 (holding that the district court's consideration of the plaintiff's request for declaratory judgment was barred by the Anti-Injunction Act, where the plaintiff was an insurer who brought action for declaratory judgment and injunction of a state court suit against it for bad-faith refusal to pay benefits).

The second exception, which allows a court to issue an injunction when it is "necessary in aid of its jurisdiction," 28 U.S.C.A. § 2283, "generally only applies when a case is removed from state to federal court or where a federal court first acquires jurisdiction over real property." *In re Columbia/HCA Healthcare Corporation, Billing Practices Litigation*, 93 F.Supp.2d 876, 879 (M.D. Tenn. 2000) (citing *Mitchum v. Foster*, 407 U.S. 225, 234-37 (1972)). Thus, the second exception clearly does not apply because this case was not removed to this court from state court, nor does it concern real property.

The third exception, allowing a court to issue an injunction "to protect or effectuate its judgments," has been referred to as the "relitigation exception."  "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.  It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corporation*, 486 U.S. 140, 147 (1988).  Neither party has identified any prior litigation pertaining to the plaintiff insurers' coverage of AdvancePCS, so this exception does not apply.

Thus, because the federal action was filed on the same day as the state action, the same issues arise in both actions, and the Anti-Injunction Act would prohibit this court from enjoining the state proceedings, the plaintiffs' request for declaratory judgment is dismissed.

## C.  Exercise of Discretion

Even if the court had the authority to grant relief, it would exercise its discretion to dismiss the action.  The Fifth Circuit has identified seven factors for a court to consider when determining whether to exercise discretion:

> (1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit;

(4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)  whether the federal court is a convenient forum for the parties and witnesses;

(6)  whether retaining the lawsuit would serve the purposes of judicial economy; and

(7)  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).  This list is not exhaustive, and a court may consider other factors in deciding how to exercise its discretion to decide or dismiss a declaratory judgment action.  See *id*.; *Fidelity Bank v. Mortgage Funding Corporation of America*, 855 F. Supp. 901, 903 (N.D. Tex. 1994), *aff'd*, 91 F.3d 138 (5th Cir. 1996) (table).  This court is required to analyze and balance the facts and circumstances of the instant suit against these factors.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Trejo*, 39 F.3d at 591.

As observed by the Fifth Circuit, the so-called "*Trejo* factors" address three aspects common to all of the federal circuits' interpretation of the factors as stated by the Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942):  federalism -- "the proper allocation of decision-making between state and

federal courts"; fairness -- "distinguish[ing] between legitimate and improper reasons for forum selection"; and efficiency -- avoidance of "duplicative or piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 390-91. Specifically, the first and last *Trejo* factors address federalism concerns; the second, third, and fourth factors address fairness concerns; and the fifth and sixth factors address efficiency concerns. *Id*. at 391-92.

1. *Federalism and Comity*

Federalism considerations indicate, for two reasons, that this court should exercise its discretion to dismiss the plaintiffs' action for declaratory judgment. First, as previously discussed, there is a pending state action in which all of the matters in controversy may be fully litigated.[2] Second, the plaintiffs raise no issues of federal law, and "if [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-391.

---

[2]      The plaintiffs, arguing that "Illinois is a wholly inappropriate venue for this case," state their intention to file a Forum Non Conveniens motion to dismiss the Illinois lawsuit. Response at 7. They assert that as a result, there is no pending state action in which all of the matters in controversy may be fully litigated. However, only the Illinois court can decide whether Illinois is an appropriate forum for these parties. Accordingly, the court does not draw any conclusions about whether the Illinois lawsuit would or should be dismissed.

## 2.  *Fairness*

There is a "general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights."  *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993).  It is this policy which lays the framework for whether or not the court should dismiss this action under the *Trejo* factors.  Here, that privilege should belong to AdvancePCS, the alleged victim of breach of contract and bad faith by the insurers.

Although Fifth Circuit case law has traditionally frowned at "anticipatory" declaratory judgment suits and on "forum shopping," the *Sherwin-Williams* court has admonished that those precise labels -- found in the second and third factors of the *Trejo* test -- "cannot be literally applied," because declaratory judgment actions are inherently anticipatory in nature and because forum selection is not always improper. *Sherwin-Williams*, 343 F.3d at 391-92.  However, an action that is of the "narrower category of federal declaratory judgment lawsuits filed for reasons found improper or abusive" should be dismissed in favor of the later filed non-declaratory suit.[3]  *Id*. at

---

[3]        Examples of proper reasons for filing a declaratory judgment action include, but are not limited to, the following:  avoiding multiple suits involving the same issues, *Sherwin-Williams*, 343 F.3d at 398-99 (citing *Travelers*, 996 F.2d at 776-77, 779); and choosing one forum over another where the difference in forum does not affect the law that applies to the case.  *Id*. at 399 ("There is no evidence that Sherwin-Williams brought its declaratory judgment action in search of more favorable law.").  Conversely, improper reasons for bringing a declaratory judgment action include "subverting the real plaintiff's advantage in state court," *Travelers*, 996 F.2d at 777; bringing a declaratory judgment action before the declaratory judgment

(continued...)

- 14 -

391.

Once it appears that the plaintiffs brought suit in anticipation of another

action, this court must then determine whether the plaintiffs brought the suit for

proper or improper reasons.  *Sherwin-Williams*, 343 F.3d at 397-99.  Courts will

generally not allow a party to select its preferred forum by filing an action for a

declaratory judgment when it has notice that another party intends to file suit

involving the same issues in a different forum.  See *909 Corporation v. Village of

Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990).  Lengthy

negotiations and the tenor of the party's relationship will serve as evidence that a suit

was expected to be filed.  See *Granite State Insurance Company v. Tandy Corporation*,

986 F.2d 94, 96 (5th Cir. 1992), *cert. dism'd*, 507 U.S. 1026 (1993); *Mission Insurance

Company v. Puritan Fashions Corporation*, 706 F.2d 599, 601-02 (5th Cir. 1983).

AdvancePCS argues that the plaintiffs' filing of a declaratory judgment action

was an improper attempt at bypassing its chosen forum.  AdvancePCS contends that

the plaintiffs were aware that it would be filing its coverage lawsuit on April 28, 2005,

and "[d]espite having never seen fit to file a declaratory action (or do anything else),

in the nearly three years since having received AdvancePCS' initial tender of the

---

[3](...continued)
defendants are able to file state court actions, *Sherwin-Williams*, 343 F.3d at 397 n.7,
399; and choosing one forum over another where the difference in forum changes the
law that applies to the case.  *Id*. at 397 (citing *Mission Insurance Company v. Puritan
Fashions Corporation*, 706 F.2d 599, 602 (5th Cir. 1983)).

Underlying Lawsuit, Plaintiffs suddenly now seized the opportunity to rush in and file its [sic] own declaratory judgment action here, on the same day, no doubt in an attempt to preclude AdvancePCS from litigating in its preferred choice of forum." Motion to Dismiss at 12.  The plaintiffs do not deny AdvancePCS' assertion that they knew of its intention to file suit in Illinois and consequently filed this suit for declaratory judgment.  *See generally* Response.  However, even without assuming this, the plaintiffs' actions suggest an improper motive for filing this suit for declaratory judgment, as the plaintiffs' suit was filed after an unsuccessful attempt by the parties to resolve AdvancePCS' claim for insurance coverage.  Response at 4.  The existence of these negotiations indicates that the plaintiffs expected AdvancePCS to file suit, which implies an improper motive in the plaintiffs' filing of their own declaratory action.  See *Granite State Insurance Co.*, 986 F.2d at 96.

Based on these facts, it is apparent that the plaintiffs filed this action in anticipation of litigation and in order to gain the advantage of their preferred forum. As previously noted, even though it is certainly true that "every litigant who files a lawsuit engages in forum shopping when he chooses a place to file suit," *Texas Instruments*, 815 F. Supp. at 996, the alleged victim is typically given the right to choose the forum where its case will be heard.  Several courts in this circuit have found that allowing an alleged wrongdoer to proceed with a declaratory judgment action divests the true plaintiff of this right.  See, *e.g.*, *Kinetic Concepts, Inc. v. Connetics*

- 16 -

*Corporation*, No. Civ. A. SA-04-CA0237XR, 2004 WL 2026812, at *3-4 (W.D. Tex.

Sept. 8, 2004) (concluding that the declaratory judgment plaintiff filed suit for the

improper reason of subverting the real plaintiff's advantage); *Capco International, Inc.*

*v. Haas Outdoors, Inc.*, No.Civ.A. 3:03-CV-2127G, 2004 WL 792671, at *4 (N.D.

Tex. Apr. 9, 2004) (holding that the declaratory plaintiff's suit was brought "not for

reasons supported by the purposes of the Declaratory Judgment Act, but for the

improper reason of 'subverting the real plaintiff's advantage' in a forum of [the

plaintiff's] choosing") (citing *Sherwin-Williams*, 343 F.3d at 397-99) (citation

omitted); *Peyman v. Optobionics Merger Corporation*, No.02-3332, 2003 WL 193443, at

*3 (E.D. La. Jan. 23, 2003) ("[M]isuse of the Declaratory Judgment Act to gain a

procedural advantage and preempt the forum choice of the plaintiff in the coercive

action militates in favor of dismissing the declaratory judgment action.") (quoting

*Great American Insurance Company v. Houston General Insurance Company*, 735 F. Supp.

581, 586 (S.D. N.Y. 1990)).

Moreover, the fact that this is not the plaintiffs' only "bite at the federal

jurisdiction apple" further suggests improper forum shopping.  See *South Carolina*

*Insurance Company v. McKee*, 3:04-CV-143-M-A, 2005 WL 1384652, at *3 (N.D.

Miss. June 9, 2005).  On May 13, 2005, Pennsylvania General and OneBeacon

removed the Illinois state court lawsuit to the United States District Court for the

Northern District of Illinois.  Response at 5.  On June 14, 2005, the District Court

- 17 -

remanded the removed action because the other defendant-insurers did not consent

to removal.  *Id.*  While this court recognizes that the plaintiffs have a right to avail

themselves of federal jurisdiction, "the fact that [they have] already unsuccessfully

sought to do so militates in favor of a finding of impermissible forum shopping,"

indicating that the plaintiffs are determined to try this case in a forum of their

choosing.  *South Carolina Insurance Company*, 2005 WL 1384652, at *3.

All of these factors cause the court to conclude that the plaintiffs filed this

declaratory judgment action for the improper purpose of "subverting the real

plaintiff's advantage" by filing this suit in a forum of their choosing, namely, the

Northern District of Texas.  See *Travelers*, 996 F.2d at 777.  Therefore, the *Trejo*

factors addressing forum shopping in anticipation of litigation -- factors two, three,

and four -- all weigh against the exercise of the court's discretion to hear this

declaratory judgment action.

### 3. *Efficiency*

The remaining *Trejo* factors concentrate on what is the most convenient forum

for the parties and witnesses, and on whether retaining the suit in this forum would

serve the purposes of judicial efficiency.  The court considers two efficiency concerns:

first, the accessibility of the forum to the parties and witnesses, and second, the

avoidance of duplicative judicial proceedings.

The plaintiffs contend that this case has little connection with the state of Illinois and that litigating there would impose a burden on the parties and witnesses. Response at 7-9.  AdvancePCS counters that litigating in Texas would be no less burdensome, as none of the parties is a Texas company or has its principal place of business in Texas, and only one of the thirty-five witnesses identified by the plaintiffs is a Texas resident, while the remaining thirty-four witnesses are scattered across the country.  AdvancePCS' Reply at 7-8.  Furthermore, some witnesses who were not identified by the plaintiffs are located in Illinois.  *Id.* at 8.  On these facts, the court finds that this efficiency consideration is neutral, favoring neither forum.  See *i2 Technologies US, Inc. v. Lanell*, No., 3:02-CV-0134G, 2002 WL 1461929 (N.D. Tex. July 2, 2002) (dismissing the declaratory action in favor of another pending action upon finding that convenience of the witnesses and parties favored neither forum, where witnesses were from both forums and several other parts of the country, and both parties would be inconvenienced by having to litigate in this district).

Another efficiency concern, the avoidance of duplicative and inconsistent rulings, clearly favors dismissal of the plaintiffs' declaratory action.  In deciding whether to allow a declaratory action to proceed, "a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties

have been joined, whether such parties are amendable [sic] to process in that proceeding." *Colony Insurance Company v. Holley*, No. Civ. A. 02-56, 2002 WL 31683675, at *2 (E.D. La. Nov. 27, 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)).  The declaratory action filed in this court does not include all of the parties to AdvancePCS' Illinois state lawsuit; Continental and National Union are also defendants in the Illinois suit, but they are not involved in this case.  While these insurers may not be strictly "necessary" for fair adjudication,[4] their inclusion would avoid duplicative proceedings, given that AdvancePCS asserts the same claims against all insurers concerning their failure to defend and indemnify AdvancePCS in the AARP lawsuit.  These claims are highly related and should be tried together.

Furthermore, even if this court were to consider the plaintiffs' request for declaratory judgment, the Illinois suit could still proceed on the same claims. Dismissing the plaintiffs' declaratory judgment action weighs in favor of both judicial economy and the convenience of both parties and witnesses by avoiding multiple and duplicative litigation.  Therefore, the court finds that the fifth and sixth *Trejo* factors counsel against the court exercising its discretion to entertain this declaratory judgment action.

---

[4]     The court need not determine whether Continental and National Union are necessary parties under Rule 19 of the Federal Rule of Civil Procedure in order to address efficiency concerns.

D.  Retention of Jurisdiction Not Warranted

All three aspects of the *Trejo* test -- federalism, fairness, and efficiency -- weigh against exercising jurisdiction over this declaratory judgment case.  The court finds that the plaintiffs improperly filed their declaratory judgment suit in an attempt to gain the advantage of their preferred forum when AdvancePCS should have been given its choice of forum.  Therefore, the court declines to exercise jurisdiction over this case.

III.  CONCLUSION

For the reasons discussed above, AdvancePCS' motion to dismiss is **GRANTED**, and the plaintiffs' complaint is **DISMISSED**.  Judgment will be entered dismissing this case without prejudice to adjudication of these claims in the Illinois state court lawsuit.

**SO ORDERED**.

August 24, 2005.

A. JOE FISH
CHIEF JUDGE